J-S57039-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM E. DENIAL, | : | |
| | : | |
| Appellant | : | No. 207 WDA 2016 |

Appeal from the PCRA Order January 26, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001957-1993
CP-25-CR-0001958-1993

BEFORE:   FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 29, 2016**

William E. Denial (Appellant) appeals from the January 26, 2016 order which dismissed his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 1994, following convictions for various crimes related to Appellant's sexual abuse of his children, Appellant was sentenced to an aggregate term of nine and one half to 24 years of imprisonment, followed by ten years of probation.  This Court denied Appellant relief on direct appeal, and his judgment of sentence became final in 1996 after our Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Denial***, 663 A.2d 246 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 670

_____
*Retired Senior Judge assigned to the Superior Court.

A.2d 140 (Pa. 1995). Appellant's first four PCRA petitions resulted in no relief.

Appellant filed the petition that is the subject of the instant appeal on August 13, 2015. Therein, he claimed that he is entitled to relief in the form of resentencing because his sentence is illegal under *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) (applying *Alleyne* to hold that the mandatory minimum sentence found at 18 Pa.C.S. § 6317 (relating to drug activity in a school zone) is unconstitutional). PCRA Petition, 8/13/2015, at ¶¶ 3, 5-7.

The PCRA court issued notice of its intent to dismiss the petition as untimely filed without a hearing, to which Appellant filed a response in opposition. On January 26, 2016, the PCRA court entered an order dismissing Appellant's petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant claims, *inter alia*, that the PCRA court erred in not applying the *Alleyne* decision retroactively. Appellant's Brief at 15. However, before we may address Appellant's substantive arguments, we must determine whether his PCRA petition was filed timely.

The timeliness of a post-conviction petition is jurisdictional. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b).

It is clear that Appellant's 2015 petition is facially untimely: his judgment of sentence became final in 1996. However, Appellant alleged that his petition satisfied the following timeliness exception: "'the facts upon which the claim is predicated were unknown to the Petitioner and could not be ascertained by the exercise of due diligence.'" PCRA Petition, 8/13/2015, at 1 (pages unnumbered) (quoting 42 Pa.C.S. § 9545(b)(1)(ii)).

"Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v.*

*Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (citing *Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011)).

Nor does Appellant's reliance upon *Hopkins* satisfy the newly-recognized-constitutional-right timeliness exception found at 42 Pa.C.S. § 9545(b)(1)(iii), as the *Hopkins* Court did not recognize a new constitutional right, let alone hold that any such right applied retroactively; rather, it merely applied *Alleyne* to hold that a particular mandatory minimum sentence not applied to Appellant was unconstitutional.[1] Furthermore, our Supreme Court has held that *Alleyne* itself does not apply retroactively to cases on collateral review. *Commonwealth v. Washington*, -- A.3d --, 2016 WL 3909088 (Pa. July 19, 2016).

Thus, the *Hopkins* decision does not assist Appellant in establishing a timeliness exception to the PCRA's limitations, and the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.

---

[1] However, while Appellant's appeal was pending, our Supreme Court decided *Commonwealth v. Wolfe*, 68 MAP 2015, 2016 WL 3388530 (Pa. June 20, 2016), a case involving 42 Pa.C.S. § 9718, the statute under which Appellant was sentenced. In *Wolfe*, the Court reaffirmed *Hopkins* and held that Section 9718 "is irremediably unconstitutional on its face, non-severable, and void" under *Alleyne*. *See Wolfe*, 2016 WL 3388530 at *10. Nonetheless, *Wolfe* is unavailing to Appellant in establishing a PCRA timeliness exception for the same reasons as *Hopkins* fails to do so.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2016