J-S61041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SAMUEL LESLIE REED, | : | |
| | : | |
| Appellant | : | No. 369 WDA 2016 |

Appeal from the PCRA Order February 3, 2016
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s):  CP-02-CR-0010661-1984;
CP-02-CR-0010662-1984; CP-02-CR-0010663-1984;
CP-02-CR-0010673-1984; CP-02-CR-0010688-1984;
CP-02-CR-0010689-1984; CP-02-CR-001690-1984;
CP-02-CR-0010691-1984

BEFORE:  PANELLA, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 31, 2016**

Samuel Leslie Reed ("Reed") appeals, *pro se*, from the Order denying his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Following a non-jury trial, Reed was found guilty of numerous crimes arising out of eight separate criminal informations, which were consolidated for trial.  In March 1985, the trial court sentenced Reed to an aggregate prison term of 45 to 90 years.  Reed filed a Motion to Reconsider Sentence, which the trial court granted.  Reed's sentence was reduced to an aggregate prison term of 40 to 80 years.  This Court affirmed Reed's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal.

*See Commonwealth v. Reed*, 533 A.2d 1077 (Pa. Super. 1987) (unpublished memorandum), *appeal denied*, 539 A.2d 811 (Pa. 1988).

On September 4, 1990, Reed filed a *pro se* PCRA Petition. The PCRA court denied the Petition, and this Court affirmed the denial. *See Commonwealth v. Reed*, 748 A.2d 775 (Pa. Super. 1999) (unpublished memorandum). On December 26, 2002, Reed filed his second PCRA Petition. The PCRA court dismissed Reed's Petition.

On November 17, 2015, Reed filed the instant PCRA Petition, his third. The PCRA court entered a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. Thereafter, on February 3, 2016, the PCRA court denied Reed's PCRA Petition. Reed filed a timely Notice of Appeal.

On appeal, Reed raises the following questions for our review:

1. Did the PCRA court err, as [a] matter of law, by dismissing [Reed's] Petition for collateral relief as untimely when his claim is a constitutional violation of his due process rights?

2. Did the PCRA court err, as a matter of law, by dismissing [Reed's] Petition for [c]ollateral [r]elief though his claim has retroactive effect?

Brief for Appellant at 3.

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Lewis*, 63 A.3d 1274, 1278 (Pa. Super. 2013) (citation omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Reed's judgment of sentence became final in 1988, when the time for seeking review with the Supreme Court of the United States expired. Accordingly, Reed had until 1989, to file a timely PCRA petition. Therefore, Reed's November 2015 PCRA Petition is facially untimely.

However, in the event that a petition is not filed within the one-year time limitation, the PCRA provides three timeliness exceptions: (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Any PCRA petition invoking one of these exceptions shall be filed within sixty days of the date the claim could have been presented. *Id.* § 9545(b)(2).

Here, Reed invokes the newly recognized constitutional right exception based on the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *See* Brief for Appellant at 8-13. In *Alleyne*, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. *Id.* at 2156. Reed thus argues that his sentence is illegal based upon *Alleyne*. *See* Brief for Appellant at 8-11.

Here, Reed filed the instant PCRA Petition on November 17, 2015, well over sixty days after June 17, 2013, the date that *Alleyne* was decided. *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Even if Reed had properly invoked the exception at section 9545(b)(1)(iii), *Alleyne* is not implicated as Reed was not sentenced under any mandatory sentencing statutes. *See* N.T., 3/14/85, at 2-3 (wherein the sentencing court stated that it was "not going to use the mandatory

sentencing laws."). However, even if **Alleyne** applied to Reed's sentence, the rule established in **Alleyne** does not apply retroactively where, as here, the judgment of sentence is final. **See Commonwealth v. Washington**, 2016 Pa.LEXIS 1536, *8 (Pa. 2016) (*en banc*) (stating that "**Alleyne** does not apply retroactively to cases pending on collateral review[.]").[1]

Based upon the foregoing, the PCRA court properly denied Reed's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2016

---

[1] In support of his argument that **Alleyne** applies retroactively, Reed cites **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). In **Montgomery**, the United States Supreme Court held that **Miller v. Alabama**, 132 S. Ct. 2455 (2012), applies retroactively to juveniles, who were under the age of eighteen at the time of the commission of the crime, sentenced to mandatory life sentences without the possibility of parole. **Montgomery**, 136 S. Ct. at 736. However, unlike **Miller**, **Alleyne** does not apply retroactively. **See Washington**, *supra*.