J-S14044-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES ROBERT FAVINGER, JR., | : | |
| | : | |
| Appellant | : | No.  1588 MDA 2016 |

Appeal from the PCRA Order August 18, 2016
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0003176-1989

BEFORE:   GANTMAN, P.J., SHOGAN, and STRASSBURGER[*], JJ

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 03, 2017**

James Robert Favinger Jr. (Appellant) appeals *pro se* from the August 18, 2016 order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In its opinion, the trial court fully and correctly sets forth the factual and procedural history of this case.  Trial Court Opinion, 10/14/2016, at 3. Therefore, we have no reason to restate it.  Pertinent to this appeal, in 1990, following a jury trial, Appellant was convicted of, *inter alia*, first-degree murder and was sentenced to life imprisonment.  Since then, Appellant has filed a direct appeal and several PCRA petitions.

Most recently, Appellant filed a *pro se* post-conviction petition, his fourth, on March 3, 2016.  Therein, Appellant asked for, *inter alia*,

_____

*Retired Senior Judge assigned to the Superior Court.

declaratory judgment as ancillary relief, requesting the trial court hold that he, who was 18 at the time of the charged crime, is entitled to the same relief afforded to juvenile offenders pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2013) (holding unconstitutional mandatory sentences of life imprisonment without possibility of parole imposed upon individuals who were juveniles at the time they committed homicides). On July 14, 2016, the PCRA court filed a notice of intent to dismiss the petition as untimely pursuant to Pa.R.Crim.P. 907. Appellant responded, and the petition was dismissed by order of August 18, 2016.

Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents two questions to this Court on appeal.

> 1. His claim not being one of Equal Protection/discrimination to be included in the [*Miller*] juvenile class, but rather to avoid expulsion from the said class of which he is already a member per Pennsylvania law; was it PCRA Court error to refuse to decide [Appellant's] status and standing via prayer for Declaratory Judgment as Ancillary Relief and then base denial of all [r]elief on lack of such standing/status, coupling same with an alternative denial based upon previous litigation?
>
> 2. As a challenge to the constitutionality of the specific effect of the Post-Conviction Relief Act upon [Appellant] did not ripen until the PCRA Court denied relief per the time-bar and previous litigation; was it PCRA Court error to fail to adjudicate such claim as stated in [Appellant's "objection to the court's order and notice of intent to dismiss"]?

Appellant's Brief at 4 (suggested answers omitted).

- 2 -

The timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that one of the following exceptions to the time for filing the petition is met:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Moreover, "[a]ny petition invoking an exception provided in [42 Pa.C.S. § 9545(b)(1)] shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Upon our review of the certified record, the parties' briefs, and the relevant law, we conclude that the opinion of the Honorable Scott D. Keller

- 3 -

thoroughly and correctly addresses and disposes of Appellant's issues and supporting arguments and evidences no abuse of discretion or errors of law. *See* Trial Court Opinion, 10/14/2016, at 3-7 (finding Appellant's petition was facially untimely and rejecting his argument that *Miller* satisfied a timeliness exception, when the *Miller* decision applied to those under the age of 18, and Appellant was 18 at the time of the events that led to his conviction).

Accordingly, we adopt the trial court's opinion, filed on October 14, 2016, as our own and hold, based upon the reasons stated therein, that the trial court committed neither an error of law nor an abuse of discretion in dismissing Appellant's PCRA petition. The parties shall attach a copy of the trial court's October 14, 2016 opinion to this memorandum in the event of future proceedings.

Order affirmed.


Judgment Entered.


Joseph D. Seletyn, Esq.

Prothonotary


Date: 5/3/2017

- 4 -

COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS
                                  :   OF BERKS COUNTY, PENNSYLVANIA
                                  :   CRIMINAL DIVISION
              v.                :
                                  :   No. CP-06-CR- 3176-1989
                                  :
JAMES FAVINGER, JR.,             :
              Petitioner/Appellant    :

John T. Adams, District Attorney
James Favinger, Jr., Appellant, *pro se*

**OPINION, Keller, S.J.** 〜〰〰                             **Dated: October *14*, 2016**

James Favinger, Jr. (hereinafter "Petitioner") appeals from the August 18, 2016 dismissal of his Post Conviction Relief Act (PCRA) Petition and subsumed petition for Declaratory Judgment as Ancillary Relief without a hearing.

## I.   PROCEDURAL HISTORY

Following a jury trial, the Petitioner was found guilty on November 14, 1990, of Murder of the First Degree[1] and Robbery.[2] The Court sentenced the Petitioner to life imprisonment on May 5, 1992, based upon the application of the mandatory sentence found in 18 Pa.C.S.A. § 1102(a)(1), as well as a consecutive sentence of no less than six (6) to no more than twelve (12) years on the Robbery conviction. The Petitioner was represented at trial and sentencing by Martin Dorminy, Esquire. The Superior Court of Pennsylvania affirmed the Petitioner's judgment of sentence on January 12, 1993, and the Petitioner's petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on November 17, 1993.

The Petitioner filed his first *pro se* PCRA petition on January 14, 1997. The Court appointed John Adams, Esquire, on January 22, 1997, to represent the Petitioner in all

---

[1] 18 Pa.C.S.A. § 2502(a).
[2] 18 Pa.C.S.A. § 3701.

1

proceedings regarding the disposition of his PCRA petition. After PCRA counsel's review of the record, Attorney Adams filed a request to withdraw as counsel, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). After an independent review of the Petitioner's PCRA petition and the record, the Court permitted the withdrawal of Attorney Adams and issued an Order and Notice of Intent to Dismiss (hereinafter "ONID") on February 10, 1998. The Court dismissed the Petitioner's PCRA petition on March 3, 1998, and no appeal was taken from the Court's dismissal order.

The Petitioner filed his second *pro se* PCRA petition on May 12, 2006. The Court issued its ONID on May 25, 2006, and dismissed the Petitioner's PCRA petition on June 26, 2006. The Superior Court affirmed the Court's dismissal on January 24, 2007.

The Petitioner filed his third *pro se* PCRA petition on August 22, 2012. On August 30, 2012, the Court directed the Commonwealth to show cause, if any existed, why the relief requested in the Petitioner's PCRA petition should not be granted. The Commonwealth filed its response, titled the COMMONWEALTH'S BRIEF IN OPPOSITION TO THE PETITIONER'S REQUEST FOR PCRA RELIEF, on November 29, 2012. The Petitioner then filed a MOTION FOR EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL on December 12, 2012. Following the Court's review of the Petitioner's PCRA petition, the Commonwealth's answer, and the Petitioner's subsequent *pro se* motion, the Petitioner's third PCRA petition was dismissed on February 7, 2013. The Superior Court affirmed the dismissal on October 25, 2013.

The Petitioner filed the instant *pro se* PCRA petition, his fourth, on March 3, 2016. On July 14, 2016, the Court issued an ONID, which concluded that the Court had no jurisdiction to address Petitioner's substantive claims because his petition was untimely and the substantive issue was already litigated. Petitioner filed an unpersuasive Objection to the Court's Order and

2

Notice of Intent to Dismiss on August 4, 2016.[3] The Court issued an Order dismissing Petitioner's PCRA petition on August 18, 2016. Petitioner filed a Notice of Appeal on September 20, 2016.[4] On September 21, 2016, the Court issued an Order directing Petitioner to file and serve on the undersigned a Concise Statement of Errors Complained of on Appeal within 21 days. Petitioner timely filed a Concise Statement in which he raised two claims of error for review, summarized as follows:

1. Having been classified as a "juvenile" under Pennsylvania law in other actions, Petitioner should not have been expelled from such class for purposes of applying *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and the Court erred by denying standing to pursue his Declaratory Judgment as Ancillary Relief.

2. The Court erred by denying relief due to the time-bar and previous litigation because Petitioner's challenge to the constitutionality of the specific effect of the PCRA upon him did not ripen until the previous denial.

## II. DISCUSSION

The PCRA provides collateral relief for persons who have either been convicted of crimes they did not commit or persons who are serving illegal sentences. 42 Pa.C.S.A. § 9542. In order to qualify for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence the following:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> > (i)     currently serving a sentence of imprisonment, probation or parole for the crime;

---

[3] Petitioner's Certificate of Service indicates that he deposited the Objection in the prison's postal receptacle on August 1, 2016.
[4] Petitioner's Certificate of Service indicates that he deposited the Notice of Appeal in the prison's postal receptacle on September 15, 2016.

3

        (ii)     awaiting execution of a sentence of death for the crime; or

        (iii)    serving a sentence which must expire before the person may commence serving the disputed sentence.

(2) That the conviction or sentence resulted from one or more of the following:

        (i)      A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

        (ii)     Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

        (iii)    A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

        (iv)    The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

        (v)     Deleted.

        (vi)    The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

        (vii)   The imposition of a sentence greater than the lawful maximum.

        (viii)  A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived.

42 Pa.C.S.A. § 9543(a). Before the Court may consider the merits of a PCRA petition, it must first determine whether the Petitioner's petition satisfies the PCRA's jurisdictional time restrictions.



4

It is well-settled law that the filing of a PCRA petition is governed by specific time limitations; namely, "any petition . . . including a second or subsequent petition, *shall be filed within one year of the date the judgment becomes final...*" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has recognized that PCRA time requirements are jurisdictional. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). The PCRA court "may not address the merits of the issues raised if the PCRA petition was not timely filed." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648-49 (Pa. 2007).

The Petitioner's judgment became final before the 1995 Amendments to the PCRA took effect on January 16, 1996; therefore, the Petitioner had one (1) year from the effective date to file a timely PCRA petition. Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1), §3(1). Because the Petitioner's instant PCRA petition was not filed until March 3, 2016, the petition was clearly untimely and could be considered by this Court unless the Petitioner pleaded and proved that one of the statutory exceptions applied. *Commonwealth v. Leggett*, 16 A.3d 1144, 1146 (Pa. Super. 2011).

Under three specific statutory exceptions, the PCRA court may entertain the merits of a petition that is untimely filed. In order to qualify for such an exception, a petitioner must plead and prove that:

> (i)    the failure to raise the claim previously was the result of interference by government officials with presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

5

(ii)      the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The exceptions must be invoked within sixty (60) days from the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Neither of the first two exceptions was implicated by the Petitioner. On the third exception, Petitioner claimed his sentence was illegal as having infringed a constitutional right newly recognized by the United States Supreme Court.

The Petitioner's argument that a new constitutional right has been recognized is based on the recent opinion of the Supreme Court of the United States in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). The *Montgomery* decision made the case of *Miller v. Alabama, supra*, retroactive to all cases involving juveniles who were serving a life sentence without the possibility of parole. *Miller* addressed the constitutionality of mandatory life sentences for juveniles under the Eighth Amendment. *Id.* at 2460. In *Miller*, the Supreme Court explained its holding as follows: "We therefore hold that mandatory life without parole for **those under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* (emphasis added). The Petitioner acknowledged in his PCRA petition that he was over the age of eighteen (18) at the time he committed the murder.

The Petitioner argued that the fact that he was over the age of eighteen (18) when he committed the offense is "of no moment." As he did in his third PCRA petition, the Petitioner argued that the ban on mandatory life imprisonment recognized in *Miller* should apply to him as a "child" under the age of twenty-one, as defined in the Juvenile Act. 42 Pa.C.S.A. 6302. The

6

United States Supreme Court, however, did not see fit to hold that mandatory life without parole for those under the age of 21 at the time of their crimes violates the Eighth Amendment, rather it chose age 18 as the threshold. As previously stated, this Court will not ignore the Supreme Court's clear declaration that its holding applies only to those defendants under the age of eighteen (18). Any constitutional right recognized by the Supreme Court in *Miller*, as made retroactive by *Montgomery, supra,* does **not** apply to the Petitioner's case. The Petitioner failed to prove that the exception found in § 9545(b)(1)(iii) applied.

In addition to the lack of timeliness, the issue of *Miller's* applicability was already litigated. In its opinion of October 25, 2013, filed in this case, the Superior Court addressed this issue by citing to *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa.Super. 2013) (claims made by those over 18 at the time of their crimes that *Miller* should extend to "those whose brains were not fully developed at the time of their crimes," is not an exception under 9545(b)(1)(iii)). The United States Supreme Court, in *Montgomery,* citing *Ford v. Wainwright,* 106 S.Ct. 2595 (1986), stated that, "[w]hen a new substantive rule of constitutional law is established, this Court is careful to limit the scope of any attendant procedural requirement to avoid intruding more than necessary upon the States' sovereign administration of their criminal justice systems." Petitioner simply is not a member of the protected class of juvenile defendants.

Petitioner failed to plead and prove that his PCRA petition, while untimely, met any of the enumerated exceptions to the one-year filing requirement, thus barring the Court's consideration of any of the substantive arguments advanced in the Petitioner's PCRA petition. Because the PCRA time restrictions are jurisdictional, this Court had no jurisdiction to consider the Petitioner's fourth petition and separately titled request for ancillary relief on the merits. Furthermore, the substantive issue was already litigated.

7

## III.    CONCLUSION

Petitioner's fourth PCRA petition was untimely. The Court lacked jurisdiction to review the claims raised therein and in the separately filed petition for declaratory relief.

For the foregoing reasons, it is respectfully suggested that the August 18, 2016 Order dismissing Petitioner's PCRA petition and subsumed "ancillary" relief should be affirmed.

BY THE COURT:

_____
Scott D. Keller, Senior Judge

Distribution: Clerk of Court; District Attorney; James Favinger, Jr.

8