**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Ishaq Abdule LEWIS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 4, 2013.
Filed March 22, 2013.

Ishaq A. Lewis, appellant, pro se.

Jason E. McMurry, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

BEFORE: DONOHUE, ALLEN and OTT, JJ.

OPINION BY DONOHUE, J.:

Ishaq Abdule Lewis ("Lewis") appeals from the June 19, 2012 order entered by the Court of Common Pleas, Dauphin County, denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546, as untimely. We affirm.

In the course of deciding the appeal from the denial of Lewis' first PCRA petition, we summarized the factual and procedural histories of this case as follows:

On July 20, 2005, [Lewis] entered a negotiated guilty plea to one count each of first-degree murder, recklessly endangering another person, flight to avoid apprehension, and simple assault, two counts of carrying a firearm without a license, and three counts of aggravated assault. For [Lewis'] first-degree murder conviction, the trial court sentenced [Lewis] to the mandatory term of life imprisonment without the possibility of parole. [Lewis] received concurrent sentences for the remaining convictions. The facts are as follows.

> The majority of the charges, including the [first-degree] murder charge, arose out of events that occurred between September 30[, 2004] and October 30, 2004. The initial incident began [around noon on September 30, 2004,] in the area of Hall Manor in Harrisburg, Pennsylvania. At that time, a school bus was stopped and preschool children were alighting from the bus. [C.M.], the murder victim, was driving a car[ ] with [D.M.] and [R.S.] as his passengers. [Lewis] shot a gun into the car numerous times, striking all three individuals in the car. As a result of the shooting, [C.M.] slumped over the wheel of the vehicle. The vehicle moved forward and struck the school bus. [C.M.] died as a result of his injuries. [D.M.] and [R.S.] required hospitalization for injuries they received.
>
> On October 1, 2004, police received information that [Lewis] was in a van in the Hill area of Harrisburg. Two police officers went to the location and pursued [[Lewis],] resulting in a car chase and [Lewis'] flight on foot. On October 30, 2004, police were again informed about the whereabouts of [Lewis]. After the police arrived at the location, they found [Lewis] in a garage with a .380 caliber handgun in his possession. [Lewis] was subse-

quently arrested and transported to Dauphin County Prison.

> The remainder of the criminal charges arose out of events occurring at Dauphin County Prison. On December 16, 2004, [Lewis] was involved in a physical altercation with a prison guard, following an argument which resulted in injury to the prison guard. Additional charges arose out of an altercation with a fellow inmate in which [Lewis] struck the inmate several times in the facial area, breaking the inmate's nose.

Trial Court Opinion, 4/1/08, at 1–2.

On July 20, 2005, [Lewis] entered a negotiated guilty plea where, in exchange for pleading guilty to first-degree murder and a number of other crimes, the Commonwealth agreed that it would not pursue the death penalty against [Lewis]. Moreover, as the Commonwealth further agreed, it would recommend that [Lewis'] remaining sentences run concurrently with [Lewis'] mandatory sentence of life imprisonment.

\* \* \*

The trial court accepted [Lewis'] guilty plea and, that same day, the trial court sentenced [Lewis] to the mandatory term of life imprisonment without the possibility of parole for his first-degree murder conviction. For the remaining convictions, and in accordance with the negotiated plea, the trial court sentenced [Lewis] to concurrent terms of imprisonment. [Lewis] filed neither a post-sentence motion nor a direct appeal from his judgment of sentence.

On March 2, 2006, [Lewis] filed a *pro se* PCRA petition and sought to withdraw his guilty plea. Counsel was appointed and, on February 22, 2007, counsel filed an amended petition on [Lewis'] behalf, requesting the *nunc pro tunc* restoration of [Lewis'] direct appeal rights. On December 27, 2007, the PCRA court de-

nied [Lewis'] request to withdraw his guilty plea, but granted [Lewis'] request to reinstate his direct appellate rights *nunc pro tunc.*

On direct appeal, [Lewis'] appointed counsel filed a petition to withdraw from representation and an accompanying *Anders* brief. The *Anders* brief raised one claim: '[w]hether [Lewis'] request for withdraw of his guilty plea should have been granted where his plea was entered as a result of external influences upon [Lewis], specifically, his attorneys and family rendering the guilty plea involuntary.'

We held that [Lewis'] claim was frivolous because '[t]here [was] no evidence on the record that counsel forced or strong-armed [Lewis] into pleading guilty in exchange for a life sentence or that his family placed any undue pressure upon him.' *Commonwealth v. Lewis,* [183 MDA 2008, 11] (Pa.Super. [November 5,] 2008) (unpublished memorandum)[ ]. Our holding was also based upon the fact that, during the guilty plea hearing, [Lewis] repeatedly admitted that he was voluntarily tendering his guilty plea. We held that [Lewis'] colloquy proved that [Lewis] 'knew his plea could not be borne out of coercion' and that [Lewis] 'understood the charges and the consequences of pleading guilty.' *Id.* at 12. Thus, on November 5, 2008, we affirmed [Lewis'] judgment of sentence and granted counsel's petition to withdraw.

*Commonwealth v. Lewis,* 1758 MDA 2010, 1–8 (Pa.Super. October 6, 2011) (unpublished memorandum) (footnotes and record citations omitted).

Lewis did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. On November 3, 2009, Lew-

is filed a timely *pro se* PCRA petition, which was treated as his first. *Id.* at 8 (citing *Commonwealth v. O'Bidos,* 849 A.2d 243, 252 n. 3 (Pa.Super.2004); *Commonwealth v. Blackwell,* 936 A.2d 497, 499 (Pa.Super.2007)). Therein, Lewis alleged that plea counsel was ineffective for coercing him to enter a guilty plea when plea counsel was aware that Lewis did not understand what was going on. The PCRA court appointed counsel, who filed a *Turner/Finley* no-merit letter and requested leave to withdraw. The PCRA court granted counsel's request and ultimately dismissed Lewis' PCRA petition on October 14, 2010.

Lewis appealed from the dismissal of his PCRA petition *pro se* to this Court, asserting that plea counsel was ineffective "for failing to investigate and present [Lewis'] background and other factors which affected [Lewis'] decision to plead guilty or present mitigating factors concerning the sentence[.]" *Id.* at 9 (citation omitted). On October 6, 2011, we affirmed. The Pennsylvania Supreme Court denied his request for allowance of appeal on March 27, 2012.

On April 2, 2012, Lewis filed the instant PCRA petition, alleging ineffective assistance of plea counsel for failing to investigate witnesses to testify in his defense, coercing him to plead guilty, failing to prepare a defense of self-defense, and failing to present mitigating evidence that affected his plea. He further alleged that PCRA counsel was ineffective for failing to subpoena plea counsel for his initial PCRA hearing, failing to raise all of the issues Lewis wanted to raise, and failing to call his family members to testify at his PCRA hearing.[1] On May 4, 2012, Lewis filed a supplemental PCRA petition, stating that he satisfied an exception to the PCRA's

---

1. The record reflects that the PCRA court only held one hearing in this matter, and it was on December 27, 2007, in reference to Lewis'

initial PCRA petition and resulted in the reinstatement of his direct appeal rights.

one-year time-bar, as he filed his PCRA petition within 60 days of the United States Supreme Court's decision in *Lafler v. Cooper*, —— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), which he contends created a new constitutional right applicable to his ineffectively counseled decision to accept a plea bargain.

The PCRA court issued a notice of its intent to dismiss Lewis' PCRA petition without a hearing pursuant to Pa. R.Crim.P. 907(1). Lewis filed a response to the notice, and on June 19, 2012, the PCRA court dismissed his petition as untimely.

Lewis filed a timely *pro se* notice of appeal, raising two issues for our review:

I. The PCRA court erred when it determined [Lewis'] second PCRA petition was untimely and no statutory exceptions applied.

II. [Lewis] was denied due process of law by ineffective assistance of counsel trial [*sic*] and collateral counsel.

Lewis' Brief at 4.

■■■ "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super.2012).

■ To be timely, a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa. C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

In the case at bar, Lewis' judgment of sentence became final on December 5, 2008—30 days from the date this Court issued its decision on his direct appeal *nunc pro tunc*. *See* Pa.R.A.P. 1113 (providing 30 days after the entry of an order from the Superior Court to request allowance of appeal in the Pennsylvania Supreme Court). Thus, to be facially timely, Lewis had to file his PCRA petition, including a second or subsequent petition, by December 5, 2009.

■ Lewis argues that by timely filing his first PCRA petition following his direct appeal, the one-year timeframe was tolled, rendering the instant PCRA petition timely as well. Lewis' Brief at 7–8, 9–10, 12–13. We observe, however, that Lewis raises this argument for the first time on appeal, and therefore, it is waived. Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Thur*, 906 A.2d 552, 566 (Pa.Super.2006); *see also Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa.Super.2003) ("[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court.").

Even if not waived, this argument is meritless for two reasons. First, *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007), the case cited by Lewis in support of this argument (Lewis' Brief at 9–10), involves the application of 28 U.S.C. 2244(d)(2), which tolls the time period for filing a federal *habeas corpus* petition while a properly filed state PCRA petition is pending. *See Lawrence*, 549 U.S. at 332–33, 127 S.Ct. 1079. It has no effect on the time limitation set forth under the Pennsylvania PCRA. Second,

our Supreme Court has held that apart from the specifically enumerated exceptions contained in Section 9545(b), "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling[.]" *Commonwealth v. Fahy,* 558 Pa. 313, 329, 737 A.2d 214, 222 (1999); *Commonwealth v. Rienzi,* 573 Pa. 503, 508, 827 A.2d 369, 371 (2003)[2]. Thus, we agree with the PCRA court that Lewis' second PCRA petition, filed on April 2, 2012, is facially untimely.

As Lewis implicitly recognized before the PCRA court, there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the late filing of a PCRA petition will be excused:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1), (2).

■■■■ Our review of Lewis' brief reveals that he has not properly asserted an exception to the PCRA's timeliness requirements. Although before the PCRA court he stated that he was invoking the "newly recognized constitutional right" exception contained in subsection (b)(1)(iii), he makes no such argument in his brief on appeal before this Court. He simply cites two United States Supreme Court cases in support of his substantive argument on appeal. "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." *Commonwealth v. Jones,* —— Pa. ——, 54 A.3d 14, 17 (2012); *see also Commonwealth v. Albrecht,* 606 Pa. 64, 69–70, 994 A.2d 1091, 1094 (2010) ("It is the appellant's burden to allege and prove that one of the timeliness exceptions applies.") (citation omitted). Moreover, the Rules of Appellate Procedure require that an appellant properly develop his arguments on appeal. Pa.R.A.P. 2119(a)-(d); *Commonwealth v. Caban,* 60 A.3d 120, 130 n. 4 (Pa.Super.2012) (finding an argument asserted but not developed on appeal to be waived).

Once again, however, regardless of waiver, his reliance on *Lafler*[3] does not support

---

**2.** Lewis inaccurately cites *Rienzi* in support of his argument that a properly filed PCRA petition tolls the time limitation under 42 Pa. C.S.A. § 9545(b). Lewis' Brief at 12.

**3.** Lewis also cites *Martinez v. Ryan,* —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), which held: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. While this holding has questionable application in the

an exception to the PCRA's time restrictions, as the issue presented in *Lafler* is materially different from the issue presented in the case before us.[4] *Lafler* involved a criminal defendant who elected to proceed to trial rather than plead guilty based upon counsel's advice that the Commonwealth would be unable to prove intent to kill because the defendant shot the victim below the waist. *Lafler*, 132 S.Ct. at 1383. The defendant received a mandatory sentence of incarceration more than three times longer than had been offered by the Commonwealth in the initial plea agreement. *Id.* It was uncontested that counsel's advice "fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment, applicable to the States through the Fourteenth Amendment." *Id.*

In the case at bar, Lewis did not reject a plea offer by the Commonwealth and elect to go to trial. Instead, Lewis pled guilty, and now claims that he did so because his plea counsel provided ineffective assistance during the plea bargaining process. The right to effective assistance of counsel during the plea bargaining process has been recognized for decades. *See, e.g., McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (during plea negotiations, criminal defendants "are entitled to the effective assistance of competent counsel"); *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that "the two-part *Strick-land v. Washington* [5] test applies to challenges to guilty pleas based on ineffective assistance of counsel"); *Padilla v. Kentucky*, 559 U.S. 356, ——, 130 S.Ct. 1473, 1480–81, 176 L.Ed.2d 284 (2010) ("Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel.") (citation omitted); *see also Commonwealth v. Monica*, 528 Pa. 266, 274, 597 A.2d 600, 603 (1991) (when a defendant seeks to waive his right to counsel, "a trial judge must thoroughly inquire on the record into an accused's appreciation of the right to effective assistance of counsel and to represent oneself at trial, at guilty plea hearings, at sentencing and at every critical stage of a criminal proceeding"); *Commonwealth v. Garcia*, 23 A.3d 1059, 1064–65 (Pa.Super.2011), *appeal denied*, 614 Pa. 710, 38 A.3d 823 (2012) (recognizing "a criminal defendant's long-standing constitutional right to the effective assistance of counsel during the guilty plea process," citing cases). Indeed, the United States Supreme Court distinguished *Lafler* from its 1985 decision in *Hill* based upon the fact that in *Lafler*, "the ineffective advice led not to a[ plea] offer's acceptance but to its rejection. Having to stand trial, not choosing to waive it, is the prejudice alleged." *Lafler*, 132 S.Ct. at 1385.

 "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this

---

matter before this Court, we need not address this, as Lewis did not raise *Martinez* as a basis for excusing his facially untimely PCRA petition before the PCRA court, and thus has waived this argument for consideration on appeal. Pa.R.A.P. 302(a); *Thur*, 906 A.2d at 566; *Lyons*, 833 A.2d at 251–52.

4. Because of the manner by which we resolve this question, we need not determine whether the Supreme Court in *Lafler* did in fact create a new constitutional right that applies retroactively.

5. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court adopted a two-part test for assessing claims of counsel's ineffectiveness: the defendant must prove that (1) counsel's representation "fell below an objective standard of reasonableness," and (2) the defendant was prejudiced by counsel's errors. *Id.* at 687–88, 691–92, 104 S.Ct. 2052.

Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 586 Pa. 468, 471, 895 A.2d 520, 522 (2006). Lewis' PCRA petition is untimely and he failed to establish that any exceptions to the time-bar apply. As such, neither the PCRA court nor this Court has jurisdiction to address the substantive claims raised therein, and we have no basis to overturn the PCRA court's decision in this matter.

Order affirmed.