J-S92038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | I000N THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN MCCURDY, | : | |
| | : | |
| Appellant | : | No. 1018 WDA 2016 |

Appeal from the PCRA Order August 14, 2015
in the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0000536-2006

BEFORE:    SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED FEBRUARY 9, 2017**

John McCurdy (Appellant) appeals from the August 14, 2015 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2006, following convictions for *inter alia*, corrupt organizations, criminal conspiracy, and possession of a controlled substance, Appellant was sentenced to 13½ to 28 years of imprisonment.  On February 15, 2008, this Court affirmed Appellant's judgment of sentence, ***Commonwealth v. McCurdy***, 943 A.2d 299 (Pa. Super. 2008), and Appellant did not file a petition for allowance of appeal.

Appellant's first PCRA petition resulted in no relief.  ***Commonwealth v. McCurdy***, 75 A.3d 559 (Pa. Super. 2013) (unpublished memorandum). Appellant filed the petition that is the subject of the instant appeal on April

*Retired Senior Judge assigned to the Superior Court.

2, 2014. Counsel was appointed and filed an amended petition on Appellant's behalf on August 14, 2015. Therein, Appellant claimed that he is entitled to relief because his sentence is illegal under ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015) (applying ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) to hold that the mandatory minimum sentence found at 18 Pa.C.S. § 6317 (relating to drug activity in a school zone) is unconstitutional).

An evidentiary hearing was held on September 4, 2015. On November 13, 2015, the PCRA court issued an order and opinion denying Appellant's petition. Although still represented by counsel, Appellant filed *pro se* a notice of appeal, and the PCRA court ordered Appellant to comply with Pa.R.A.P. 1925(b). Though ordered by the PCRA court, the certified record was never transmitted to this Court. On June 3, 2016, counsel filed a motion to withdraw, which the PCRA court subsequently granted. On June 15, 2016, Appellant filed a request to file an appeal *nunc pro tunc* and requested the appointment of counsel, which the PCRA court granted on June 21, 2016. Appellant timely filed a notice of appeal and his case is now ready for disposition.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim

- 2 -

was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

The timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

It is clear that Appellant's 2014 petition is facially untimely: his judgment of sentence became final in 2008. However, Appellant alleges that his petition satisfies the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). In doing so, Appellant urges this Court to find that ***Hopkins*** should apply retroactively. Appellant's Brief at 10-11.

Appellant's argument is unavailing. The ***Hopkins*** Court did not recognize a new constitutional right, let alone hold that any such right applied retroactively; rather, it merely applied ***Alleyne*** to hold that a particular mandatory minimum sentence not applied to Appellant was unconstitutional. Furthermore, as acknowledged by Appellant, our Supreme

Court held that **Alleyne** "does not apply retroactively to cases pending on collateral review." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). **See** Appellant's Brief at 11.

Accordingly, Appellant failed to establish the applicability of a timeliness exception, and the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2017