J-S51034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :               PENNSYLVANIA
                                         :

            v.                               :
                                         :
                                         :

JORDANA L. ELEY                  :
                                         :

           Appellant               :      No. 2046 EDA 2016

Appeal from the PCRA Order June 9, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000714-1998

BEFORE: BOWES, SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED AUGUST 29, 2017**

Appellant, Jordana Eley, appeals from the order entered in the Court of Common Pleas of Montgomery County dismissing her serial petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546 as untimely. We affirm.

The PCRA court aptly summarizes the factual and procedural histories of the instant case as follows:

> On December 12, 1997, defendant [hereinafter Appellant] was seventeen years old when she punched and knifed two young women, ages fourteen and seventeen, in a movie theater during an altercation that arose when theater management responded to audience rowdiness by stopping the film. Appellant was tried as an adult at a bench trial before the Honorable Paul W. Tressler who on July 21, 1998, found Appellant guilty of three counts of aggravated assault, two counts of simple assault, and

---

[*] Former Justice specially assigned to the Superior Court.

a single count each of possessing an instrument of crime and recklessly endangering another person.[] Judge Tressler sentenced Appellant to consecutive terms of imprisonment of seven to fifteen and two to ten years on two aggravated assault counts and five years' probation for possessing an instrument of crime. Sentencing was suspended on the remaining convictions.

Appellant raised two issues on direct appeal to the Superior Court. The first was that there was insufficient evidence to support Judge Tressler's finding that it was, in fact, Appellant who was the one who punched and stabbed the victims, rather than some other person. The second issue on direct appeal was that Judge Tressler imposed too harsh a sentence on Appellant given "her age and the fact that her parents and the juvenile system had failed her...." Memorandum Opinon (3205 Phila. 1998), 6/7/99, p.5 (citing Appellant's appellate brief at p. 13). On June 7, 1999, the Superior Court affirmed the judgment of sentence noting that Judge Tressler had appropriately fashioned the sentence after considering "[Appellant's] history of violent conduct and failed rehabilitative treatment." Memorandum Opinion (Opinion (Phila. 1998), 6/7/99, pp. 6-7. Appellant did not seek discretionary review from the Pennsylvania Supreme Court.

On May 5, 2000, Appellant filed her first motion from post-conviction collateral relief, *pro se*. Among other claims, Appellant set forth the following:

> A violation of the constitution of Pennsylvania has been violated due to the fact that I was a juvenile when I was arrested and did not have a h[ea]ring to be certified as an adult to see if I was capable to stand tr[ia]l as an adult. Also when I went to a grand jury I was not allowed to have an adult or a lawyer present with me so I would not [incriminate] myself; I was respectfully five months after my seventeenth birthday.
>
> Ineffective assistance of counsel which, in the circumstances again I was a juvenile and did not understand much of what was being said to me before, during and after my trial.

PCRA Motion, 5/1/00, p.3.

Court-appointed counsel submitted to Appellant, and filed with the court, a "no-merit" letter by which court-appointed counsel explained that Appellant had no right to be tried as a juvenile, by application of the Juvenile Act, 42 Pa.C.S.A. § 6302, because Appellant stood accused of having committed attempted murder and aggravated assault while age fifteen or older. "No Merit" letter, filed 4/27/01, p.2. Court-appointed counsel also explained that Appellant's having testified before the grand jury without legal counsel or an adult present did not undermine the truth determining process which meant that there was no post-conviction remedy available, by application of 42 Pa.C.S.A. § 9543(a)(2)(i). "No Merit" letter, filed 4/27/01, p. 2. By order dated May 25, 2001, Judge Tressler granted leave for court-appointed counsel to withdraw her appearance. By order dated June 25, 2001, Judge Tressler dismissed Appellant's first PCRA motion, without hearing. Appellant did not appeal Judge Tressler's ruling.

On August 30, 2007, Appellant filed her second motion for PCRA relief. She raised a single claim, which was that her rights were violated when she was tried as an adult. *See*, *e.g.*, Motion, 8/30/07, ¶ 5 ("My constitution was violated along with my due process. I was a minor at time of crime committed and found guilty in an adult court."). By order dated October 2, 2007, Judge Tressler dismissed that PCRA motion without hearing, as untimely, by application of 42 Pa.C.S.A. § 9545(b)(1). *See* Notice of Intent to Dismiss, dated 9/6/07. Appellant did not appeal Judge Tressler's ruling.

On February 8, 2016, Appellant filed her third PCRA motion. She raised two claims. The first was that "[s]ixth amendment confrontation clause rights were violated, I was under 18 years of age at the time of commission of crime and were [sic] subsequently subject to provisions of Juvenile Delinquency Act." Motion, 2/8/16, ¶ 5. The second was "[i]nadmissible evidence, grand jury testimony was used to help convict me, I did not have a parent or counsel present during my questions during grand jury making grand jury transcripts inadmissible." Motion, 2/8/16, ¶ 5.

PCRA Court Opinion, filed 4/12/17, at 1-3.

The PCRA court determined that Appellant's third petition could provide her no relief where it was patently untimely under Section 9545(b)(1) and raised issues that were either waived or previously litigated under Sections 9543(a)(3). Accordingly, the PCRA court entered its order of June 9, 2016, dismissing Appellant's third PCRA petition. This timely appeal follows.

The timeliness of a post-conviction petition is jurisdictional. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280–81 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

It is clear that Appellant's petition is facially untimely, as her judgment of sentence became final on July 7, 1999, thirty days after this Court affirmed her judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113.

Appellant does, however, attempt to invoke an exception to the statutory time-bar in her third issue,[1] where she baldly alleges that her mandatory two to ten year sentence for aggravated assault is unconstitutional under the United States Supreme Court's decision in ***Alleyne v. United States***, ---U.S. ----, 133 S.Ct. 2151 (2013). However, our Supreme Court has held that ***Alleyne*** does not apply retroactively to cases on collateral review. ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016). Even if it did apply retroactively, Appellant's 2016 petition was not filed within 60 days of the 2013 ***Alleyne*** decision. ***See Commonwealth v. Secreti***, 134 A.3d 77, 82–83 (Pa. Super. 2016) (noting petitions filed within 60 days of Supreme Court decision recognizing retroactive application of new constitutional right satisfied requirement of 42 Pa.C.S. § 9545(b)(2)). Therefore, because Appellant failed to establish the applicability of a timeliness exception, the PCRA court properly dismissed her petition for lack of jurisdiction.

Order is AFFIRMED.

---

[1] Appellant raised two issues in her petition before the PCRA court but now presents fourteen questions for our review. The twelve issues raised here on appeal for the first time, therefore, are waived unless they fall under a recognized exception permitting first review with this Court. ***See Commonwealth v. Fulton***, 830 A.2d 567, 570 n.2 (Pa. 2003) (claim not raised in PCRA petition is waived and may not be raised on appeal).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2017