J-S67020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GARY WALKER, | : | |
| | : | |
| Appellant | : | No. 18 EDA 2017 |

Appeal from the PCRA Order December 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0401341-1996

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.:                **FILED DECEMBER 19, 2017**

Gary Walker ("Walker"), *pro se*, appeals from the Order denying his

fourth Petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA").[1]  We affirm.

The PCRA court set forth the relevant history underlying the instant

appeal as follows:

> On December 13, 1995, [] Walker … fatally shot William
> Hamlin [("Hamlin")] outside [of] a barbershop at 7th and
> Diamond Streets in Philadelphia.  On July 7, 1997, following a
> jury trial[,] … [Walker] was convicted of first-degree murder and
> possessing an instrument of crime.  The trial court immediately
> sentenced [Walker] to a mandatory term of life imprisonment for
> the murder conviction[,] and a lesser, concurrent term of
> imprisonment for the weapons offense.  On August 16, 1999,
> following a direct appeal, the Superior Court affirmed the
> judgment of sentence[,] and on December 28, 1999, our
> [S]upreme [C]ourt denied appeal.  [**See Commonwealth v.**

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

> *Walker*, 745 A.2d 47 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 747 A.2d 900 (Pa. 1999).

PCRA Court Opinion, 2/13/17, at 1-2 (footnote omitted).

On March 14, 2016, Walker filed his fourth PCRA Petition, followed by a Petition for *habeas corpus* relief. Walker also filed a Motion for post-conviction DNA testing on August 2, 2016. Thereafter, the PCRA court issued Notice of its intention to deny Walker's post-conviction Petitions and Motion, in accordance with Pa.R.Crim.P. 907. Walker submitted a *pro se* response to the Notice, after which the PCRA court entered its Order denying each request for post-conviction relief. Thereafter, Walker filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Walker presents the following claims for our review:

1. Is [Walker's] claim for DNA testing time-barred?

2. Did [Walker] provide [the] PCRA court with a *prima facie* case to warrant a[] hearing?

Brief for Appellant at 4. We will address Walker's claims together.

Walker argues that the cumulative effect of the investigation and court proceedings demonstrates that he was the victim of a bad-faith investigation. *Id.* at 11. Walker claims that that he was convicted on wholly circumstantial evidence: an eyewitness with mental health issues who was involved in the attack on Walker and the victim; and a former detective who had a pattern of altering crime scenes, fabricating evidence, and fabricating

- 2 -

statements. *Id.* at 12-13. According to Walker, he never denied his presence at the crime scene. *Id.* at 13. However, he was not the person who possessed a 9mm firearm, or left a 9mm casing where the victim's body was found. *Id.* Walker asserts that there was no evidence that the victim was shot with a 9mm handgun, and the evidence established that the victim was not shot at close range. *Id.*

Walker states that "given the facts that [his own] DNA [can't] be found on the victim['s] clothing[,] or [the] victim['s] DNA found on [Walker's] clothing," his and the victim's clothing should be tested. *Id.* Walker points out that there is no scientific evidence that he shot the victim at point-blank range, and that testing of the clothing could establish this fact. *Id.* at 14. However, Walker concedes that the absence of his DNA on any of the tested items "will not provide compelling evidence of his innocence." *Id.* Nevertheless, Walker insists that the tests might reveal the presence of a third, unidentified perpetrator. *Id.*

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lewis*, 63 A.3d 1274, 1278 (Pa. Super. 2013) (citation omitted).

Relevant to this claim, section 9543(a)(2)(vi)

provides for post-conviction relief where a petitioner could prove a claim of newly discovered exculpatory evidence. In order to succeed on such a claim, the petitioner must establish by a preponderance of the evidence that:

> (1) the evidence has been discovered after the trial and it could not have been obtained at or prior to trial through reasonable diligence;
>
> (2) such evidence is not cumulative;
>
> (3) it is not being used solely to impeach credibility; and
>
> (4) such evidence would likely compel a different verdict.

***Commonwealth v. Fiore***, 780 A.2d 704, 711 (Pa. Super. 2001).

The DNA testing statute, section 9543.1(a), provides in relevant part,

as follows:

> An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment … may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

42 Pa.C.S.A. § 9543.1(a)(1). Within this motion, the applicant must

> (3) present a *prima facie* case demonstrating that the:
>
> (i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and
>
> (ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:
>
> > (A) the applicant's actual innocence of the offense for which the applicant was convicted ….

42 Pa.C.S.A. § 9543.1(c)(3)(i)-(ii)(A).

Section 9543.1(d) prescribes when the court must order DNA testing and when it must not:

(1) Except as provided in paragraph (2), the court shall order the testing requested in a motion under subsection (a) . . . upon a determination, after review of the record of the applicant's trial, that the:

(i) requirements of subsection (c) have been met;

(ii) evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been altered in any material respect; and

(iii) motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice.

(2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable possibility that the testing would produce exculpatory evidence that:

(i) would establish the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S.A. § 9543.1(d).

[O]n its face, the *prima facie* requirement set forth in § 9543.1(c)(3) and reinforced in § 9543.1(d)(2) requires that an appellant demonstrate that there is a "reasonable possibility" that "favorable results of the requested DNA testing 'would establish' the appellant's actual innocence of the crime of conviction." … [T]he definition of "actual innocence" that is to be applied in the evaluation of the effect of new evidence is that articulated by the United States Supreme Court in its [o]pinion in ***Schlup v. Delo***, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 [] (1995), namely, that the newly discovered evidence must make it "more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." Thus, this standard requires a reviewing court "to make a probabilistic determination about what reasonable, properly instructed jurors

would do," if presented with the new evidence. ***Id.***, 513 U.S. at 329 ….

***Commonwealth v. Kunco***, 2017 PA Super 345, 2017 Pa. Super. LEXIS 878, at *13-*15.

In its Opinion, the PCRA court addressed this claim as follows:

At the outset, section 9543.1 does not authorize ballistics testing or gunshot-residue testing. ***See*** 42 [Pa.C.S.A.] § 9543.1(a) (providing that only testing of DNA evidence can be provided under that provision).

With respect to DNA testing, [Walker] failed to meet the threshold requirements for post-conviction DNA testing pursuant to 42 [Pa.C.S.A.] § 9543.1(a)(2). As is evident from the statute, a petitioner may obtain post-conviction DNA testing of evidence discovered prior to the petitioner's conviction upon making a threshold showing that:

The evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 [Pa.C.S.A.] § 9543.1(a)(2). [Walker's] failure to even acknowledge his burden under subsection 9543.1(a)(2) was fatal to his [M]otion.

Even assuming, *arguendo*, that [Walker] made the threshold demonstration, he did not present a *prima facie* case pursuant to subsection 9543.1(c)(3). To the extent that [Walker] claimed that favorable results of DNA testing, by itself, would establish his innocence, he failed to demonstrate that the absence of the victim's DNA on his clothing is even material to the issue of whether the shooting was premeditated. ***See Commonwealth v. Heilman***, 867 A.2d 542, 547 (Pa. Super. 2005) ([stating that] "[i]n DNA[,] as in other areas, an absence

of evidence is not evidence of absence."). Therefore, [Walker], who has known of the physical evidence he now seeks to test since his trial nearly twenty years ago, is not entitled to relief pursuant to section 9543.1.

PCRA Court Opinion, 2/13/17, at 6-7. We agree with the sound reasoning of the PCRA court, as set forth above, and affirm on this basis as to Walker's claims of error. *See id.*; *see also Commonwealth v. Baumhammers*, 92 A.3d 708, 726-27 (Pa. 2014) (stating that, "if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required.").

Motion to Prohibit Commonwealth from Presenting Brief denied; Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017

- 7 -