J-S77020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARIO MEDINA | : | |
| | : | |
| Appellant | : | No. 879 MDA 2017 |

Appeal from the PCRA Order May 19, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001395-2013

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:        **FILED JANUARY 23, 2018**

Mario Medina appeals from the order, entered in the Court of Common Pleas of Lebanon County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On March 5, 2014, Medina was convicted by a jury of possession of firearm prohibited, receiving stolen property, robbery and escape.  On April 30, 2014, the trial court sentenced Medina to an aggregate term of 5½ to 17 years' incarceration.  This Court affirmed his judgment of sentence on December 23, 2014. *See Commonwealth v. Medina*, 759 MDA 2014, at *1 (Pa. Super. filed Dec. 23, 2014).  Medina did not seek allowance of appeal to the Pennsylvania Supreme Court.

Medina filed a *pro se* PCRA petition on March 14, 2016.  The PCRA court appointed counsel, who filed amended petitions on September 16, 2016, and

_____
* Former Justice specially assigned to the Superior Court.

March 17, 2017. After a hearing, the PCRA court dismissed Medina's petition by order dated May 19, 2017. This timely appeal follows, in which Medina raises numerous claims alleging the ineffectiveness of his trial counsel.

Before we address the merits of Medina's appeal, however, we must determine whether we have jurisdiction to consider his claims. Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition[1] is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S.A. § 9545(b), (c). The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Lewis*, 63 A.3d 1274, 1280–81 (Pa. Super. 2013), quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court

_____

[1] The statutory exceptions to the time bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Here, Medina's judgment of sentence became final on or about January 23, 2015, upon the expiration of the thirty-day period for filing a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Thus, Medina's March 14, 2016 petition, filed approximately one year and two months after his judgment of sentence became final, was patently untimely unless Medina pled and proved one of the timeliness exceptions under section 9545(b)(1). Medina did not do so and, as such, the PCRA court was without jurisdiction to consider the merits of his petition. Thus, we affirm the dismissal of his petition.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2018

_____

[2] Although the PCRA court improperly reached the merits of Medina's petition before dismissing it, we may affirm its order for any reason. *See Commonwealth v. Clemens*, 66 A.3d 373, 381 (Pa. Super. 2013), quoting *Commonwealth v. Truong*, 36 A.3d 592, 593 n. 2 (Pa. Super. 2012) (en banc ) ("This [C]ourt may affirm [the lower court] for any reason, including such reasons not considered by the lower court.").