J-S35036-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
      v. :
:
JOSE CONCEPCION, :
:
          Appellant : No. 2337 EDA 2018

Appeal from the PCRA Order Entered July 11, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0310321-1997

BEFORE: OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED AUGUST 19, 2019**

Jose Concepcion (Appellant) appeals from the July 11, 2018 order

dismissing his petition filed pursuant to the Post Conviction Relief Act

(PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

When Appellant was 19 years old, he participated in a robbery and

murder.

> [W]hile driving a vehicle containing his three cohorts, [Appellant]
> repeatedly struck a vehicle driven by Sotero Ortega [] and
> occupied by Ortega's son.  When Ortega stopped his vehicle,
> [Appellant's] cohorts [] exited the vehicle, robbed Ortega, shot
> Ortega in the jaw, pulled Ortega's son from the vehicle, and shot
> him.  Ortega survived, but his son was killed.

***Commonwealth v. Concepcion***, 761 A.2d 1231 (Pa. Super. 2000)

(unpublished memorandum at 1).  A jury convicted Appellant of, *inter alia*,

second-degree murder.  On May 20, 1999, Appellant was sentenced to life in

prison without the possibility of parole (LWOP) for his second-degree murder

_____
*Retired Senior Judge assigned to the Superior Court.

conviction. On appeal, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. *Id.*, *appeal denied*, 771 A.2d 1278 (Pa. 2001).

On March 24, 2016, Appellant *pro se* filed the instant PCRA petition, claiming that his petition was timely-filed pursuant to the newly-recognized right exception to the PCRA's time-bar.[1] Specifically, Appellant relied upon the constitutional right recognized by the United States Supreme Court in **Miller v. Alabama**, 567 U.S. 460 (2012), which was made retroactively applicable in **Montgomery v. Louisiana**, __ U.S. __, 136 S.Ct. 718 (2016). In **Miller**, the Supreme Court held that it is cruel and unusual punishment to sentence a juvenile to a mandatory sentence of LWOP. Appellant contended that even though he was 19 years old when he committed his crime, he should be "included within the same class of persons as juveniles because his brain was … equally underdeveloped." *Pro se* PCRA Petition, 3/24/2016, at 4.

Appellant retained counsel, who filed an amended petition. On June 5, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition because it was without merit. Appellant did not file a response. On July 11, 2018, the PCRA court dismissed Appellant's PCRA petition.

---

[1] To establish that exception, the petitioner must plead and prove that he is asserting a "constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

This timely-filed appeal followed.[2]  On appeal, Appellant argues that his PCRA petition was timely filed, and that he should be resentenced as a juvenile because "the same scientific and legal reasoning behind **Miller** and **Montgomery**[,] which apply [to] those who were younger than 18[,] are just as applicable to those who are just slightly chronologically older." Appellant's Brief at 6, 10, 17.

We review the PCRA court's order mindful of the following.  Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.  42 Pa.C.S. § 9545.  In addition, exceptions must be pleaded within 60 days of the date the claim could have been presented.  42 Pa.C.S. § 9545(b)(2).[3]  Because the PCRA's time restrictions are jurisdictional in nature, neither this Court nor the PCRA court has the power to address the merits of a petition if it is filed untimely and the petitioner did not plead and prove an applicable time-bar exception. **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa. Super. 2013).

---

[2] Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The PCRA court complied with Pa.R.A.P. 1925(a).

[3] Although inapplicable to this appeal, we note that subsection 9545(b)(2) was amended on October 24, 2018, effective in 60 days (December 24, 2018), extending the time for filing from 60 days of the date the claim could have been presented, to one year. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

It is clear that Appellant's petition is facially untimely because his judgment of sentence became final in 2001. As detailed *supra*, Appellant attempts to invoke **Miller** to argue that the newly-recognized and retroactively-applicable constitutional right exception to the PCRA's time bar applies to him. However, Appellant's arguments have been resolved already by an *en banc* panel of this Court. In **Commonwealth v. Lee**, 206 A.3d 1 (Pa. Super. 2019) (*en banc*), this Court held that **Miller** applies only to defendants who were under the age of 18 at the time of their crimes. As such, based on current law, **Miller** cannot be relied upon to establish the PCRA time-bar exception at subsection 9545(b)(1)(iii) for those defendants who were 18 and older at the time of their crimes. Because Appellant was 19 years old when he committed his crimes, **Miller** does not apply and cannot be used to render his petition timely filed pursuant to subsection 9545(b)(1)(iii). Accordingly, the PCRA court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19