J-S29040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS F. HECK | : | |
| | : | |
| Appellant | : | No. 3323 EDA 2019 |

Appeal from the PCRA Order Entered October 22, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007468-2017

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED JULY 29, 2020**

Thomas F. Heck (Heck) appeals from the order of the Court of Common Pleas of Bucks County (PCRA court) denying his first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546. Heck argues that trial counsel was ineffective in litigating his motion to suppress and that the PCRA court erred in holding that he had knowingly waived his right to pursue PCRA relief. After careful review, we affirm.

We glean the following facts from the certified record. At the time of the instant offense, Heck was on probation for a conviction for possession of child pornography. On October 2, 2017, Probation Officer Stephen Direso (Officer Direso) conducted a pre-scheduled home visit at Heck's residence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

During the visit, Officer Direso observed a smartphone on the dresser in Heck's bedroom. Officer Direso asked Heck if he could look through the phone and Heck handed the phone to him. Officer Direso then located social media applications and several images of nude or partially nude young children on the phone. He confiscated the phone and law enforcement obtained a warrant to conduct a more thorough search of its contents. They found 55 images of apparent child pornography on the phone. Heck was subsequently charged with possession of child pornography.[1]

Arguing that he had not voluntarily consented to the search of his phone at his residence, Heck filed a motion to suppress the evidence seized from the phone. Following a suppression hearing at which Officer Direso and Heck testified, the trial court denied the motion to suppress, holding that Heck's consent was voluntarily given. Heck proceeded to a stipulated waiver trial at which the trial court found him guilty of the offense.

At his sentencing hearing, in exchange for a negotiated aggregate sentence of 8.5 to 17 years' incarceration, Heck agreed to waive his appellate rights, including the right to challenge the effectiveness of trial counsel in a PCRA petition. Heck was sentenced to 5 to 10 years' incarceration for the current offense. On the case for which he was already on probation, he was

_____

[1] 18 Pa.C.S. § 6312(d).

also resentenced to 3.5 to 7 years' incarceration to be served consecutively.[2] Heck agreed to these statutory maximum sentences because the Commonwealth agreed not to seek the mandatory sentence of 25 to 50 years' incarceration for his second offense of possession of child pornography. **See** 42 Pa.C.S. § 9718.2(a)(1). The Commonwealth further noted that it would object to parole until Heck had served at least ten years of his sentence.

Heck filed a timely *pro se* PCRA petition and the PCRA court appointed counsel. Counsel filed an amended petition arguing that trial counsel was ineffective in litigating the suppression motion because he failed to argue that Officer Direso lacked reasonable suspicion to search Heck's phone at the home visit and failed to obtain a warrant for the initial search. The PCRA court held an evidentiary hearing. At the outset of the hearing, the PCRA court and the Commonwealth acknowledged that Heck had waived his appellate rights as part of his plea but agreed that Heck was entitled to pursue his petition.

The PCRA court then heard argument on the merits of the petition. Heck contended that even if consent was voluntarily given, Officer Direso needed, at minimum, reasonable suspicion of criminal activity before he could constitutionally ask Heck for consent to search his device. Heck pointed out that at his suppression hearing, the Commonwealth agreed that no reasonable

---

[2] Heck has not sought PCRA relief as to the probation violation case in these proceedings.

suspicion existed before Officer Direso searched the phone, so he argued that trial counsel was ineffective for failing to argue that reasonable suspicion was necessary before obtaining consent to search the phone. Because of Heck's consent, the Commonwealth argued that Officer Direso did not need reasonable suspicion or a warrant to search a probationer for evidence of criminal activity.

Following argument, the PCRA court revisited Heck's appeal waiver and questioned Heck regarding whether his waiver precluded him from raising his ineffectiveness claim through the PCRA. Heck responded that his PCRA claim was grounded in ineffective assistance of counsel and that he could not waive his right to pursue that claim. The Commonwealth then agreed with the PCRA court and argued that Heck had waived "the issue of suppression" regardless of trial counsel's effectiveness. Notes of Testimony, 8/30/19, at 21. In its memorandum of law following the hearing, the Commonwealth acknowledged that it had initially believed Heck was entitled to pursue his petition, but upon further review of the law, argued that Heck had knowingly and intelligently waived his right to pursue his PCRA petition in exchange for his non-mandatory sentence.

The PCRA court dismissed the petition. Heck filed a timely notice of appeal. Heck and the PCRA court have complied with Pa.R.A.P. 1925. The PCRA court concluded in its opinion that Heck had waived his right to pursue PCRA relief, and even if the waiver was not valid, his petition had no merit.

On appeal, Heck argues that trial counsel was ineffective in litigating his suppression motion, and that the PCRA court erred as a matter of law in determining that he had waived his right to pursue PCRA relief.[3]  The Commonwealth agrees with the PCRA court's finding that Heck waived his ineffectiveness claim and that, in any event, the claim is meritless.

For ease of disposition, we first address whether Heck validly waived his right to challenge trial counsel's effectiveness in his PCRA petition.  This court recently addressed the validity of an appeal waiver in exchange for a negotiated sentence in **Commonwealth v. Hopkins**, ___ A.3d ___, 1242 EDA 2019 (Pa. Super. February 7, 2020).  There, following a conviction by jury, the defendant waived his direct appeal and PCRA rights in exchange for a lesser negotiated sentence.  **Id.** at *2.  The trial court accepted the waiver and imposed the agreed-upon sentence.  Defendant later appealed, arguing that the trial court erred in allowing him to waive his appellate rights when his decision to do so was not knowing, voluntary and intelligent.  **Id.**

Upon review of the on-the-record colloquy conducted by defense counsel and the trial court, this court concluded that the defendant had entered a valid waiver of his right to pursue a direct appeal or PCRA petition.

---

[3] Our standard of review for the denial of a PCRA petition "calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lewis**, 63 A.3d 1274, 1278 (Pa. Super. 2013).

The defendant acknowledged that in accepting the sentencing agreement, he was waiving the right to file post-sentence motions, pursue a direct appeal, raise any challenges based on motions that had been filed, and raise claims based on ineffective assistance of counsel under the PCRA. *Id.* at *4. The defendant further confirmed that he was not under the influence of any medication or drugs that would affect his decision-making, that he had adequate time to discuss the waiver with his counsel, and that he was not threatened or coerced into entering the agreement. *Id.* at *4-5. This court held that the waiver was valid because the defendant "clearly demonstrated that he understood his rights incident to appeal and that he intentionally waived such rights in exchange for his negotiated sentence." *Id.* at *5. While we recognized that a defendant has a constitutional right to pursue a direct appeal, we concluded that he had validly relinquished his right in exchange for a favorable sentence. *Id.* at *3 ("Nevertheless, in noting the importance of the plea bargaining process as a significant part of the criminal justice system, this [c]ourt has recognized that a criminal defendant is permitted to waive valuable rights in exchange for important concessions by the Commonwealth." (internal quotations omitted)).

Heck's claim is squarely controlled by *Hopkins*. Here, Heck was subject to a mandatory sentence of 25 to 50 years in prison because this was his second conviction for a qualifying sexual offense. *See* 42 Pa.C.S. § 9718.2(a)(1). In exchange for avoiding this term of imprisonment, Heck

agreed to a sentence of 8.5 to 17 years' incarceration and waived his right to challenge his conviction on direct appeal or through the PCRA.[4]   At the sentencing hearing, Heck confirmed that he understood the terms of this agreement, and that by waiving his rights he would avoid the mandatory minimum sentence.  He agreed that he was waiving his direct appeal rights, including his right to challenge the denial of his suppression motion as well as the right to bring a claim under the PCRA.  Notes of Testimony, 9/7/18, at 6-7, 10.  The trial court then specifically confirmed that Heck understood that he was waiving his right to challenge trial counsel's effectiveness.  *Id.* at 7.  Heck agreed to that waiver and averred that he had spoken with trial counsel about his decision to waive his appellate rights and the issues that he would have been entitled to raise on appeal.  *Id.* at 7-8.  Finally, he confirmed that

---

[4] The United States Supreme Court has recently reiterated that as appeal waivers are agreements in the nature of a contract, a "valid and enforceable plea waiver . . . only precludes challenges that fall within its scope." *Garza v. Idaho*, ___ U.S. ___, 139 S.Ct. 738, 744 (2019) (internal quotations and citation omitted).  "As with any type of contract, the language of appeal waivers can vary widely, with some waiver clauses leaving many types of claims unwaived.  . . .  Most fundamentally, courts agree that defendants retain the right to challenge whether the waiver itself is valid and enforceable." *Id.* at 745.  Here, as discussed *infra*, the scope of Heck's waiver explicitly included any challenges to the effective assistance of counsel or the merits of the suppression motion.  Heck has never raised a claim that trial counsel had provided ineffective assistance by advising him to waive his appellate rights or by failing to explain the extent of that waiver.  *See* PCRA Petition, 8/9/19, at Paragraphs 11-12.

he was not under the influence of any drugs, alcohol or medication that would impair his decision-making abilities. *Id.* at 9.

As Heck expressly demonstrated on the record that he understood the extent of his plea waiver and voluntarily undertook the waiver to avoid a more lengthy prison sentence, we conclude that Heck waived his right to pursue an ineffective assistance of counsel claim related to his suppression motion. *Hopkins*, *supra*. As Heck has waived his ineffectiveness claim, the PCRA court did not err in dismissing his petition.[5]

_____

[5] Even if Heck had not waived his right to pursue an ineffectiveness claim related to the suppression hearing, we would affirm the denial of his petition. To succeed on an ineffective assistance of counsel claim, a petitioner must prove "the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result[.]" *Commonwealth v. Laird*, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). Heck's claim that reasonable suspicion was required to simply ask Heck for consent to search his phone lacks arguable merit. Law enforcement officers may seek consent for a search even without reasonable suspicion or probable cause to suspect criminal activity as long as the circumstances are not so coercive as to render the consent involuntary. *United States v. Drayton*, 536 U.S. 194, 200-01 (2002); *Commonwealth v. Shelly*, 703 A.2d 499, 502 (Pa. Super. 1997). *Commonwealth v. Fulton*, 179 A.3d 475, 487 & n.18 (Pa. 2018), which requires law enforcement to obtain a warrant before searching a cell phone, recognized that valid exceptions to the warrant requirement can allow law enforcement to conduct a warrantless search of a phone. It is well-established that "[o]ne of the limited exceptions to the warrant requirement is a consensual search. . . . It allows police to do what otherwise would be impermissible without a warrant." *Commonwealth v. Valdivia*, 195 A.3d 855, 861 (Pa. 2018) (citations omitted). Heck is correct that a probation officer must generally have reasonable suspicion that the probationer possesses contraband or other evidence of violations of his supervision in order to search the probationer. 42 Pa.C.S. § 9912(d). However, the statute does not prohibit a probation officer from seeking consent to search in order to carry out his supervisory duties. Because Heck's

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 7/29/2020*

---

argument in support of suppression has no merit, trial counsel cannot be ineffective for having failed to pursue it. **Laird**, **supra**.