J-S27030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUTHER S. RYALS, JR. | : | |
| | : | |
| Appellant | : | No. 441 EDA 2018 |

Appeal from the PCRA Order January 9, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001198-2009

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

JUDGMENT ORDER BY LAZARUS, J.:                **FILED MAY 17, 2018**

Luther S. Ryals, Jr., appeals *pro se* from the trial court's order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9451-46.  Because Ryals' petition is patently untimely and he does not prove an exception to the PCRA time bar, we affirm.

On July 30, 2010, Ryals was convicted by a jury of various drug offenses and sentenced to an aggregate term of imprisonment of 8½ to 20 years.  Ryals filed post-sentence motions that were denied on December 16, 2010.  On August 31, 2011, our Court affirmed his judgment of sentence.  **See Commonwealth v. Ryals**, 315 EDA 2011 (Pa. Super. filed Aug. 31, 2011) (unpublished memorandum).  Ryals filed a timely first PCRA petition on September 2, 2011.  Counsel filed a no-merit letter and was permitted to withdraw; on January 5, 2012, the court dismissed his petition without a hearing.  Our Court affirmed that dismissal on May 28, 2015.

On May 28, 2015, Ryals filed another *pro se* petition and filed an amended petition on June 9, 2015. Counsel filed a no-merit letter; the court dismissed Ryals' petition on April 4, 2016. Ryals filed the instant *pro se* PCRA petition, his third, on October 30, 2017. On January 9, 2018, the court dismissed his petition as untimely. This timely appeal follows.[1]

We first note that the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280–81 (Pa. Super. 2013). Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met under section 9545(b)(1)(i-iii), and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S.A. § 9545(b) and (c). Here, Ryals' judgment of sentence became final on September 30, 2011, when the time for filing a petition for

_____

[1] Ryals raises the following issues in his brief:

   (1)   Did the trial court err in failing to grant relief to the Appellant's Post-Conviction Relief Act Petition when one or more of the Exceptions was met, which the one year filing period is then tolled?

   (2)   Did the trial court err in failing to grant relief to the Appellant's Post-Conviction Relief Act Petition when the Court failed to review and apply the Recidivism Risk Reduction Incentive [RRRI] to Appellant's sentence?

Appellant's Brief, at 3.

allowance of appeal to the Pennsylvania Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Thus, Ryals had until September 30, 2012, to file a timely PCRA petition. Ryals' instant petition was filed on October 30, 2017 petition – more than 5 years later. Thus, the petition is patently untimely. Unless Ryals has pled and proven one of the timeliness exceptions under 42 Pa.C.S.A. § 9545(b)(1), the PCRA court was without jurisdiction to consider the merits of the petition. **Lewis**, **supra**.

Ryals claims that his attorneys "erred" in failing to submit his request and willingness to participate in the RRRI[2] program and that they "clearly interfered with proper and effective assistance of counsel." Appellant's *Pro Se* Brief, at 7. Ryals asserts that this claim falls within the "newly-discovered facts" exception, set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii).[3] Our Supreme Court, however, has held that an allegation of counsel's ineffectiveness could not be invoked as a newly-discovered "fact'" for purposes of proving this exception under the PCRA. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000); **see generally Commonwealth v. Lark**, 746 A.2d 585, 589-90 (Pa. 2000) (holding that couching argument in terms of ineffectiveness cannot save PCRA petition that does not fall into exception to

_____

[2] **See** 61 Pa.C.S. §§ 4501-4512 (RRRI Act).

[3] The PCRA sets forth the newly discovered facts exception as follows:

> (ii) [T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

- 3 -

jurisdictional time bar); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (reiterating that "a claim of ineffectiveness assistance of counsel does not save an otherwise untimely petition for review on the merits.").

Because Ryals has failed to prove an exception to the PCRA time bar, the court properly dismissed his otherwise untimely petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/18