J-S34038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
              Appellee :
:
        v. :
:
JAMES W. CRISE, :
:
            Appellant : No. 53 WDA 2018

Appeal from the PCRA Order December 1, 2017
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001899-2008
CP-65-CR-0004502-2008

BEFORE:    BOWES, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 31, 2018**

James W. Crise (Appellant) *pro se* appeals from the December 1, 2017 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We provide the following background. In 2009, Appellant was convicted of various crimes including involuntary deviate sexual intercourse (IDSI). Appellant was sentenced to an aggregate term of 20 to 55 years of imprisonment, which included a 10-year mandatory minimum sentence. This Court denied Appellant relief on direct appeal, and his judgment of sentence became final in 2011 after our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Crise,*** 24 A.3d 455 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 24 A.3d 863 (Pa. 2011). Appellant's first three PCRA petitions resulted in no relief.

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant filed the petition that is the subject of the instant appeal on September 18, 2017. Therein, he claimed that he was entitled to relief due to ineffective assistance of counsel[1] and having been given an illegal sentence. PCRA Petition, 9/18/2017, at ¶ 4(II), 4(VI). Appellant also suggested that two timeliness exceptions applied to this otherwise untimely-filed fourth PCRA petition. *Id.* at ¶ 5.

The PCRA court issued an opinion and notice of its intent to dismiss Appellant's petition without a hearing, to which Appellant filed a response in opposition. On December 1, 2017, the PCRA court entered an order dismissing Appellant's petition as untimely filed. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises two issues for our review. Before we may consider them, we must determine whether the PCRA court correctly held that his petition was untimely filed, for the timeliness of a post-conviction petition is jurisdictional. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280–81 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

---

[1] Appellant does not raise this claim on appeal.

- 2 -

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b).

It is clear that Appellant's 2017 petition is facially untimely: his judgment of sentence became final in 2011. However, we may consider an untimely-filed PCRA petition if Appellant explicitly pled and proved one of three exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, although inarticulately stated in his brief, Appellant's petition arguably asserts the after-recognized and retroactively-applied constitutional right exception found at 42 Pa.C.S. § 9545(b)(1)(iii) (providing an exception where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively") based on **Alleyne v. United States**, 570 U.S. 99 (2013). **See** PCRA Petition, 9/18/2017, at ¶ 5; Appellant's Brief at 6-7. In **Alleyne**, the Supreme Court of the United States "held that any fact that, by law, increases the penalty for a crime must be treated as an element of the

offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." ***Commonwealth v. Washington***, 142 A.3d 810, 812 (Pa. Super. 2016), citing ***Alleyne***, 570 U.S. at 116. The U.S. Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. ***Alleyne***, 570 U.S. at 104. However, our Supreme Court has held specifically that ***Alleyne*** does not apply retroactively to cases on collateral review. ***See Washington***, 142 A.3d at 820. Thus, Appellant has not satisfied this exception.

Next, Appellant attempts to assert the newly-discovered-facts timeliness exception found at 42 Pa.C.S. § 9545(b)(1)(ii) (providing an exception where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). ***See*** PCRA Petition, 9/18/2017 at ¶ 5; Appellant's Brief at 7. Specifically, Appellant claims that he recently discovered that the trial judge has a "business relationship" with a close anonymous relative of Appellant's, insomuch as Appellant claims the relative allegedly sold the trial judge illegal narcotics. PCRA Petition, 9/18/2017, at ¶ 5(II); ***see also*** Appellant's Brief at 7. Appellant submitted an anonymous, handwritten letter from an unspecified relative, dated June 12, 2017, in support of his newly-discovered facts exception claim. Appellant's Brief at Exhibit A.

Our Supreme Court has previously described a petitioner's burden under the newly-discovered fact exception as follows.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

***Commonwealth v. Bennett***, [] 930 A.2d 1264, 1272 ([Pa.] 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014) (some citations and quotation marks omitted).

The PCRA court addressed Appellant's assertion as follows:

> Notably, [Appellant] states that the [trial c]ourt "has had an ongoing 'business' relationship with a close relative of [Appellant,]" and "there is photographic evidence of the [trial court judge] purchasing several items from [Appellant's] relative." He states that "the relative will remain 'Jane Doe' as to protect her from threats that the [p]rosecution and [j]udge have been accused of in the past with other witnesses."

> [Appellant] avers that this "business relationship" meets the newly discovered evidence exception. [Appellant], however, while stating that the facts were unknown to him and could not have been ascertained by due diligence, contradicts his own argument by stating in the next line that "the [trial court judge] was made aware of this relationship during the trial, and failed to recuse herself."

> [Appellant's] claim is spurious and without a scintilla of merit. The [trial court] is not aware of any "business relationship" with any close relative of [Appellant], and [Appellant's] previous claims regarding witness intimidation and threats from both the district attorney's office and the [trial court] have been equally as specious. [Appellant] has also failed to plead how he learned of such information, whether it met the

> 60-day statutory deadline, and how it affected his trial. As noted by the Superior Court in [Appellant's third PCRA petition], the [trial court] cannot and will not try to make his arguments for him in regards to meeting the statutory guidelines of the PCRA. Based on the information presented by [Appellant], the [trial court] does not have jurisdiction to entertain the merits of his argument.

Trial Court Opinion, 11/6/2017, at 5-6. We agree with the PCRA court that Appellant cannot simultaneously assert that the facts were both unknown and known to him, and thus, he fails to meet the requirements of the exception.

Furthermore, Appellant has not only failed to establish that the letter from his relative contained new facts, but he also failed to satisfy the requirements to establish due diligence in obtaining said letter. According to Appellant, the anonymous author of this letter "sold illegal narcotics to the [t]rial [j]udge, and during one such transaction in 2009, [she] told the [j]udge [she is] related to [Appellant]." Appellant's Brief at 7. Even if the trial court were to have believed the letter, this purported fact is not new, as Appellant avers that the trial court judge knew this fact at the time of trial. PCRA Petition, 9/18/2017, at 2 (unnumbered). Moreover, Appellant has not explained why he did not present this sooner.

Because Appellant's petition was filed untimely without exception, the PCRA court lacked jurisdiction to consider it on the merits. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1095 (Pa. 2010) (affirming

dismissal of PCRA petition without a hearing because appellant failed to meet burden of establishing timeliness exception).

Therefore, the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/31/2018