J-S50010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY STEELE SMITH | : | |
| | : | |
| Appellant | : | No. 1634 WDA 2017 |

Appeal from the PCRA Order October 4, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003293-2005

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                **FILED OCTOBER 16, 2018**

Tracy Steele Smith appeals *pro se* from the order that dismissed as untimely his petition filed pursuant to the Post Conviction Relief Act.  We affirm.

Appellant murdered his paramour in 2005, was convicted of first-degree murder and abuse of a corpse, and was sentenced to life imprisonment plus one to two years.  This Court affirmed his judgment of sentence on August 14, 2007, and Appellant did not seek review by our Supreme Court. ***Commonwealth v. Smith***, 935 A.2d 22 (Pa.Super. 2007) (unpublished memorandum).  Appellant's first PCRA petition, for which counsel was appointed, resulted in no relief.  ***Commonwealth v. Smith***, 972 A.2d 562 (Pa.Super. 2009) (unpublished memorandum).

Appellant filed the petition at issue in this appeal on August 1, 2017. On September 20, 2017, the PCRA court issued notice of its intent to dismiss

the petition as untimely, to which Appellant responded. The PCRA court dismissed Appellant's petition by order of October 4, 2017. Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In his brief, Appellant states twenty-one questions for our review, most of which concern allegations of trial court error or ineffective assistance of counsel. Appellant's brief at 4-7. Before we consider those claims, we must determine whether we have jurisdiction to do so.

It is well-settled that the timeliness of a post-conviction petition is jurisdictional. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within sixty days of the date on which it became available. Those exceptions relate to governmental interference with the presentation of the claim; newly-discovered facts; and a newly-recognized, retroactively-applicable constitutional right. 42 Pa.C.S. § 9545(b)(1), (2).

As Appellant's judgment of sentence became final in 2007, his 2017 petition is facially untimely. Appellant in his petition referenced an "Attachment #1 for exception of time limitations pursuant to 42 Pa.C.S.A. § 9545(b)." PCRA Petition, 8/1/17, at 7. Although that attachment cites the statutory subsections that state the three timeliness exceptions, it includes no allegations that establish the applicability of any of them. Rather, it merely details his contentions that trial counsel was ineffective, and asserts that the claims should be reviewed on their merits because it is necessary to avoid a miscarriage of justice. *Id*. at Attachment 1. In his appellate brief, the only issue he raises remotely connected with establishing jurisdiction is the allegation of "a miscarriage of justice and manifest of injustice in the totality of his case." Appellant's brief at 16.

> [I]t is now well settled that there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions. The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.

***Commonwealth v. Harris***, 972 A.2d 1196, 1200 (Pa.Super. 2009).

Accordingly, the PCRA court properly dismissed Appellant's petition as untimely because he failed "to plead or prove any cognizable exception to the PCRA timeliness requirements[.]" Notice of Intent to Dismiss, 9/20/17, at 7.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/16/2018</u>