J-S67042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME SMALL, | : | |
| | : | |
| Appellant | : | No. 1977 EDA 2018 |

Appeal from the PCRA Order Entered May 23, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006376-2003

BEFORE:  OTT, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 28, 2018**

Jerome Small (Appellant) appeals from the May 23, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In November 2003, Appellant and his co-defendant, Michelle Henderson, were arrested and charged with various offenses stemming from the murder of Nathanial Rogers. Rogers was shot and killed after he "returned to his home … and interrupted two individuals who were apparently burglarizing his home." ***Commonwealth v. Small***, 915 A.2d 150 (Pa. Super. 2006) (unpublished memorandum) (brackets in original omitted).

Appellant proceeded to trial *pro se* and court-appointed counsel assumed the role of stand-by counsel.  Appellant's first trial commenced in July 2005 and ended with a mistrial on the majority of charges.  A second trial

---

*Retired Senior Judge assigned to the Superior Court.

began on October 3, 2005. Prior to Appellant's trial, Henderson pleaded guilty to third-degree murder, criminal conspiracy to commit burglary and possessing an instrument of a crime, and "testified during the Commonwealth's case-in-chief at [Appellant's] trial." Trial Court Opinion, 5/10/2006, at 2. Pertinent to this appeal, at trial, Appellant, *inter alia*, cross-examined

> Henderson regarding the plea agreement she entered into with the Commonwealth. In fact, [Appellant] read portions of the agreement into the record and it was marked as a defense exhibit. The agreement provided that the Commonwealth would recommend Henderson's sentencing be postponed until after [Appellant's] trial and that at the time of sentencing, the Commonwealth would inform the court as to her cooperation and role in the investigation but that no further recommendations would be made. Obviously [Appellant] was in possession of the written plea agreement before trial as he used it to cross-examine Henderson in an effort to undermine her credibility.

Trial Court Opinion, 11/4/2009, at 5 (citations omitted).

At the close of testimony, and after deliberation, Appellant was convicted of, *inter alia*, second-degree murder, aggravated assault, and criminal conspiracy.[1] "On December 5, 2005, [Appellant] was sentenced to life without parole for second-degree murder. Additionally, consecutive sentences of 120 to 240 months incarceration for aggravated assault, 16 to 60 months incarceration for firearms not to be carried without a license and

---

[1] "Henderson was sentenced on October 18, 2005 for third[-]degree murder, criminal conspiracy to commit burglary and possessing and instrument of [a] crime. An aggregate sentence of [84] to 164 months['] incarceration was imposed and the remaining charges were *nolle prossed.*" **Id.**

- 2 -

140 to 280 months for criminal conspiracy were imposed." PCRA Court Opinion, 7/12/2018, at 1.

On November 16, 2006, this Court affirmed Appellant's judgment of sentence, **Small**, *supra*, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Small**, 919 A.2d 956 (Pa. 2007). Since then, Appellant has filed several PCRA petitions, all of which have resulted in no relief.

Most recently, Appellant filed *pro se* a fifth PCRA petition on March 24, 2018. Therein, Appellant alleged a **Brady**[2] violation, contending "[t]he Commonwealth committed [] misconduct when they failed to turn over portions of [Henderson's] plea agreement that the jury should of [*sic*] heard about to learn of the witness['] motives and biasness [*sic*]." *Pro Se* PCRA Petition, 3/24/2018, at 4. Specifically, Appellant avers the Commonwealth withheld a pertinent part of the plea deal, that the "more serious charges" would be *nolle prossed* in exchange for Henderson pleading guilty. Appellant's Brief at 10.

On May 5, 2018, the PCRA court filed a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. A final order dismissing Appellant's petition was filed on May 23, 2018.

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

Appellant timely filed a notice of appeal.[3]  Appellant presents one question to this Court on appeal: "Whether Appellant is entitled to a new trial because the prosecution withheld" the aforementioned information concerning the particulars of Henderson's guilty plea.  Appellant's Brief at 4, 10.

Before we can examine the substantive claim Appellant raises on appeal, we must determine whether the filing of his PCRA petition was timely.  **See**, **e.g.**, **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was

---

[3] The PCRA court did not order Appellant to file a statement of errors complained of on appeal; it did file an opinion pursuant to Pa.R.A.P. 1925(a). However, in its opinion, the court does not address the issue before us, but instead addresses a sentencing issue Appellant presented in his fourth PCRA petition. *Pro Se* PCRA Petition, 3/24/2016; PCRA Court Opinion, 7/12/2018. Irrespective of this apparent confusion on the part of the PCRA court, in light of our disposition and because this Court may affirm the PCRA court's order on any basis, we need not remand this case for a corrected 1925(a) opinion. **See Commonwealth v. Clouser**, 998 A.2d 656, 661, n.3 (Pa. Super. 2010) ("It is well-settled that this Court may affirm on any basis.").

raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b).

It is clear that Appellant's 2018 petition is facially untimely: his judgment of sentence became final in 2007. However, Appellant alleges his claim is reviewable because the following timeliness exception applies: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). In support of this averment, Appellant alleges that his petition is based upon a change in the law, referencing **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017). Appellant's Brief at 9.

At the outset, we note that the issue Appellant presents for our review was raised previously in a prior appeal, a fact Appellant concedes. **See Commonwealth v. Small**, 4 A.3d 670 (Pa. Super. 2010) (unpublished memorandum); Appellant's Brief at 9. In this prior appeal, this Court affirmed the PCRA court's order dismissing Appellant's petition based on the PCRA court's opinion. In its opinion, the PCRA court found, *inter alia*, that Appellant's June 29, 2009 petition was untimely filed and did not meet an exception to the timeliness requirement because the circumstances attendant to Henderson's guilty plea "became a matter of public record on October 18, 2005." Trial Court Opinion, 11/4/2009, at 7.

It is well-settled that previously litigated claims are not cognizable under the PCRA. ***Commonwealth v. Spotz***, 18 A.3d 244, 260 (Pa. 2011). However, Appellant avers that our Supreme Court's decision in ***Burton***, which held "that the presumption that information which is of public record cannot be deemed "unknown" for purposes of subsection 9545(b)(1)(ii) *does not apply* to *pro se* prisoner petitioners[,]" presents a new constitutional right which allows this Court to review this claim once again. Appellant's Brief at 8-10; ***Burton***, 158 A.3d at 638 (emphasis in original).

Contrary to this position, this Court has held that our Supreme Court's decision in ***Burton*** did not establish a new constitutional right. ***Commonwealth v. Kretchmar***, 189 A.3d 459, 462-64 (Pa. Super. 2018) (holding that ***Burton*** established neither a new constitutional right nor a watershed rule of criminal procedure). Thus, Appellant cannot use ***Burton*** "as a jurisdictional hook by which to relitigate his previous" PCRA petition. [4] ***Id.*** at 466.

---

[4] Additionally, any attempt to invoke the newly-discovered facts exception pursuant to Section 9545(b)(1)(ii), is likewise unavailing. ***See Kretchmar***, 189 A.3d at 467 ("Appellant's current PCRA petition presents no new documents, no new evidence, and, most critically, no new facts. Accordingly, his claims fail[] to meet the requirements of Section 9545(b)(1)(ii) on its face. The only circumstance that has changed since Appellant's previous PCRA petition is our Supreme Court's issuance of the ***Burton*** decision. However, judicial decisions do not constitute new 'facts' for purposes of the newly-discovered evidence exception set forth in Section 9545(b)(1)(ii).").

In light of the foregoing, Appellant is not entitled to relief. Accordingly, the PCRA court correctly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/28/18