J-S06007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID   STEWARD | : | |
| | : | |
| Appellant | : | No. 3196 EDA 2018 |

Appeal from the Order Entered October 10, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0020805-1986

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 27, 2019**

David Steward appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

A jury convicted Appellant of first-degree murder and other crimes for the 1986 shooting of Michael Groll, M.D.  Evidence against Appellant included his oral and written admissions, his drawing of the Grolls' bedroom and the positions of all persons present at the time of the murder, and the identification testimony of Dr. Groll's wife.  Appellant was sentenced to life imprisonment, this Court affirmed,[1] and our Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Steward***, 775 A.2d 819

_____

[1] Appellant's first PCRA petition resulted in the reinstatement of his direct appeal rights in 1999.

(Pa.Super. 2001) (unpublished memorandum), *appeal denied*, 792 A.2d 1253 (Pa. 2001).

Appellant filed subsequent PCRA petitions which resulted in no relief. He filed the petition at issue on June 8, 2018, claiming therein that his trial counsel was ineffective in advocating a verdict of second-degree murder without discussing the strategy with Appellant or obtaining his consent to do so. PCRA Petition, 6/8/18, at 4. Acknowledging that his petition was facially untimely, he claimed that the exception for a newly-recognized, retroactively-applicable constitutional right gave the court jurisdiction. **Id**. at 3 (citing **McCoy v. Louisiana**, 138 S. Ct. 1500 (2018)).

The PCRA court issued notice of its intent to dismiss the petition without a hearing as untimely, noting that the **McCoy** decision did not apply because Appellant's counsel never admitted to the jury that Appellant was guilty of murder. Notice of Intent to Dismiss, 8/23/18, at 4. Appellant filed a response to the notice, contending that the PCRA court erroneously relied upon transcripts that did not include his counsel's closing argument, and that other documents show that counsel indeed "pled [Appellant] guilty to murder in his closing argument[.]" Objection to Notice of Intent to Dismiss, 9/14/18, at 3.

The PCRA court dismissed Appellant's petition by order of October 10, 2018. Appellant filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant raises four issues claiming PCRA court error.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Whitehawk*, 146 A.3d 266, 269 (Pa.Super. 2016).

We begin by noting that Appellant has been litigating the issue of counsel's decision to plead to the jury for Appellant's life since at least 2000. At various times the issue has been found to be waived because counsel's closing argument was not transcribed and Appellant failed to prove counsel was ineffective in failing to order the transcripts. *See*, *e.g.*, *Steward*, 775 A.2d 819 (unpublished memorandum at 26-32) (finding issue waived without prejudice to raise it in a PCRA petition). In one of his appeals, Appellant did file a statement in the absence of a transcript pursuant to Pa.R.A.P. 1923. Based upon that filing and several newspaper articles about the trial, the PCRA court determined that counsel did indeed argue, *inter alia*, that the killing was not premeditated and that Appellant should not receive the death penalty because he showed remorse by confessing. PCRA Court Opinion, 4/16/03, at 14. However, the PCRA court concluded that Appellant failed to allege that counsel lacked Appellant's consent, and in any event, was a reasonable strategy. *Id*. at 18. This Court affirmed that decision, adopting the PCRA court's opinion. *Commonwealth v. Steward*, 142 EDA 2003 (Pa.Super. October 20, 2003) (unpublished memorandum at 3).

Accordingly, there appears to be merit in Appellant's contentions that the PCRA court erred in concluding there was no support in the record for his claim that counsel conceded Appellant's guilt in the closing argument. Nonetheless, we conclude that none of Appellant's claims of error entitles him to relief because he has failed to establish that the PCRA court or this Court has jurisdiction to address the substantive merits of his petition.

It is well-settled that the timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa.Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.")). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within one year of the date on which it became available. 42 Pa.C.S. § 9545(b).

Appellant contends that he properly invoked the exception found at 42 Pa.C.S. § 9545(b)(1)(iii), which applies where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." As

noted, Appellant sought to satisfy the exception's requirements by relying upon the High Court's decision in **McCoy**.

In **McCoy**, the Court held that criminal defendants have a Sixth Amendment right to reject the opinion of counsel that acknowledging guilt is the best way to avoid a death sentence and insist on maintaining innocence. **McCoy**, **supra** at 1509. Assuming *arguendo* that this decision constitutes the recognition of a new constitutional right, Appellant has not established that the Court held the decision applies retroactively to cases on collateral review. Our Supreme Court has expressly stated that "the language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination must exist at the time that the petition is filed." **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 502 (Pa. 2002). Thus, Appellant's petition was properly dismissed as untimely filed, and no relief is due.[2]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/19

---

[2] If the Supreme Court issues a decision providing that **McCoy** does apply retroactively on collateral review, Appellant may then file a petition within one year of that decision invoking § 9545(b)(1)(iii).