J-S16038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL ROSA, | : | |
| | : | |
| Appellant | : | No. 1702 MDA 2018 |

Appeal from the PCRA Order Entered September 11, 2018
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001564-2011

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 31, 2019**

Angel Rosa ("Rosa") appeals from the Order dismissing his fourth

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

We affirm.

In a prior appeal, this Court summarized the relevant history of this case

as follows:

> On April 25, 2012, the trial court sentenced Rosa to an
> aggregate sentence of 27 to 55 years' imprisonment, after Rosa
> entered an open guilty plea to attempted murder, two counts of
> aggravated assault, possession of a firearm prohibited, and
> receiving stolen property.[FN1, FN2] Rosa did not file a post sentence
> motion or direct appeal.  Rosa filed his first PCRA [P]etition on May
> 14, 2012.  Counsel was appointed, and filed an [A]mended
> [P]etition on June 24, 2013.  A hearing was held on July 1, 2013,
> and the PCRA court denied the [P]etition on October 30, 2013.
> This Court affirmed the PCRA court's denial of relief, and the
> Pennsylvania Supreme Court denied allowance of appeal on
> December 31, 2014.  ***Commonwealth v. Rosa***, 106 A.3d 168

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

(Pa. Super. 2014) (unpublished memorandum), ***appeal denied***, 630 Pa. 735, 106 A.3d 725 (Pa. 2014).

---

[FN1] 18 Pa.C.S.[A.] §§ 910(1), 2702(a)(1), (a)(4); 6105(a)(1); and 3925(a), respectively.

[FN2] Rosa was sentenced to 20 to 40 years' imprisonment on the attempted murder conviction, a concurrent term of two and one-half to six years' imprisonment on the conviction for one count of aggravated assault, a consecutive term of five to ten years' imprisonment for persons not to possess firearms, and a term of two to five years' imprisonment on the conviction for receiving stolen property, to run consecutive to the sentence imposed on the conviction for persons not to possess firearms.

---

Rosa filed a second PCRA [P]etition on April 6, 2015. The PCRA court dismissed the [P]etition without a hearing on May 8, 2015. On appeal, this Court, by [J]udgment [O]rder, affirmed the PCRA court. ***See Commonwealth v. Rosa***, 151 A.3d 1136 … (Pa. Super. 2016).

Rosa filed [his third] [P]etition on May 19, 2016. The PCRA court, on August 18, 2016, issued Pa.R.Crim.P. 907 [N]otice of intent to dismiss without a hearing, and dismissed the [P]etition by [O]rder dated August 30, 2016, and entered [on] August 31, 2016. [On appeal,] Rosa contend[ed,] *inter alia*, [that] he was sentenced based on a prior record score of ["RFEL"] [FN3] and prior counsel was ineffective in failing to raise this issue.

---

[FN3] "RFEL" is the acronym for "Repeat Felony 1/Felony 2 Offender Category" in the Pennsylvania Sentencing Guidelines. ***See*** 204 Pa. Code § 303.4(a)(2).

***Commonwealth v. Rosa***, 168 A.3d 299 (Pa. Super. 2017) (unpublished memorandum at 1-2) (three footnotes in original, two footnotes and one citation omitted). Notably, in his third Petition, Rosa claimed that he was

sentenced based upon an inaccurate prior record score. ***Id.*** (unpublished memorandum at 3).

On appeal, this Court affirmed the Order of the PCRA court. ***See id.*** (unpublished memorandum at 6).

Rosa filed the instant *pro se* PCRA Petition, his fourth, on May 15, 2017. The PCRA court appointed counsel, and directed that an Amended Petition be filed. Appointed counsel subsequently was granted leave to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and was advised of his right to retain private counsel or proceed *pro se*. Rosa filed an appeal of that Order, which this Court quashed as interlocutory. On June 1, 2018, Rosa filed another PCRA Petition, which the PCRA court treated as a *pro se* Amended PCRA Petition. The PCRA court afforded Rosa 30 days to decide whether to proceed *pro se* or to retain private counsel. In accordance with Pa.R.Crim.P. 907, the PCRA court also notified Rosa of its intention to dismiss the Amended PCRA Petition without a hearing. On September 11, 2018, the PCRA court dismissed Rosa's Amended PCRA Petition. Thereafter, Rosa filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Rosa presents the following claims for our review:

I.  Did the PCRA court err when it dismissed [Rosa's] Petition as untimely[,] where it was timely under 42 Pa.C.S.[A.] § 9545(b)(1)(ii)?

II.    Did the PCRA court err when it determined that the Petition was without merit by concluding that ineffectiveness regarding the failure to object to the erroneous calculation of [Rosa's] prior record score[,] and resulting in an unreasonable sentence, a claim not raised by collateral counsel in the first PCRA Petition, was previously litigated and waived[,] since no court has ruled on the merits of this claim?

III.   D[id] the circumstances before this Honorable Court constitute[] a miscarriage of justice, in which the courts have jurisdiction[,] as the miscarriage of justice standard is independent of the PCRA's timeliness exceptions[?]

*See* Brief for Appellant at 4 (most capitalization omitted).

Initially, we recognize that a PCRA petition must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). Rosa's judgment of sentence became final in 2012. *See* *Commonwealth v. Rosa*, 151 A.3d 1136 (Pa. Super. 2016) (recognizing that Rosa's judgment of sentence became final on May 25, 2012). Thus, the present Petition, filed in 2018, is facially untimely.

The PCRA provides that an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three timeliness exceptions: (1) interference by government officials, (2) newly discovered facts, or (3) a newly-recognized constitutional right which had been applied retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In his first claim, Rosa argues that the PCRA court improperly deemed his Petition to be untimely filed. Brief for Appellant at 10. Rosa asserts that the facts upon which his claim is based were unknown to him, and could not have been ascertained by the exercise of due diligence. *See id.* at 10-11. Specifically, Rosa asserts that his counsel's March 16, 2017 letter confirmed that Rosa did not know of the existence of a Pre-Sentence Investigation Report ("PSI Report"), and that the PSI Report was never provided to Rosa. *Id.* at 11. Rosa further states that he was unaware of the PSI Report's existence, or the impact it would have on his sentence. *Id.* According to Rosa, his sentencing counsel rendered ineffective assistance by not consulting with him regarding discrepancies in the grading of the felonies used to calculate his prior record score. *Id.*

> In reviewing the order of a PCRA court,
>
> we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. *Commonwealth v. Hannibal*, 638 Pa. 336, 156 A.3d 197, 206 (Pa. 2016). The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. *Commonwealth v. Koehler*, 614 Pa. 159, 36 A.3d 121, 131 (Pa. 2012). The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a *de novo* standard of review to the PCRA court's legal conclusions. *Commonwealth v. Roney*, 622 Pa. 1, 79 A.3d 595, 603 (Pa. 2013). We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. [*Commonwealth v.*] *Wholaver*, 177 A.3d [136,] 144-45 [(Pa. 2018)]. Finally, this Court may affirm a valid judgment or order for any reason appearing of record. *Id.* at 145.

*Commonwealth v. Montalvo*, 2019 Pa. LEXIS 1722, *22.

In its Opinion, the PCRA court concluded that Rosa's present PCRA Petition is untimely, and not subject to any of the PCRA's timeliness exceptions. *See* PCRA Court Opinion, 12/6/18, at 4. Specifically, the PCRA court stated that the information set forth in Rosa's PSI Report "cannot be considered "newly discovered evidence[,] to excuse the untimeliness of this claim[,] as this information was available to [Rosa] at the time of his sentencing." *Id.* at 4-5.

Our review of the record discloses that, even if Rosa had not been aware of the contents of his PSI Report at the time of sentencing, he was aware of it in 2016, when he filed his 2016 PCRA Petition. In his 2016 PCRA Petition, Rosa argued that

> [t]he trial court erroneously included certain prior, out-of-state convictions when calculating his prior record score and determining that he was a repeat offender for sentencing purposes….

PCRA Petition, 9/12/18, at ¶ 2. Our review also discloses correspondence indicating that Rosa received a copy of the PSI Report in *April 2016*. *See* Letter, 4/27/16 (wherein the President Judge of the common pleas court, in a letter sent directly to Rosa in response to Rosa's request, enclosed a copy of the PSI Report). Thus, Rosa's claim that the contents of the PSI Report constitutes newly discovered facts is directly contradicted by the certified record. Accordingly, we cannot grant him relief on this claim.

In his second claim, Rosa argues that the PCRA court improperly determined that his claim of ineffective assistance of plea counsel lacks merit.

However, because Rosa's Petition is untimely filed, and not subject to any exception of the timeliness requires, we cannot address this claim. *See Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (stating that "[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." (citation omitted)).

In his third and final claim, Rosa argues that his sentence constitutes a "miscarriage of justice" and, therefore, this Court should consider his substantive argument. Brief for Appellant at 25. Rosa directs our attention to case law stating that a second or subsequent PCRA petition will not be entertained absent a strong *prima facie* showing that a miscarriage of justice has occurred. *Id.* at 26.

As this Court has explained, "[t]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Harris*, 972 A.2d 1196, 1200 (Pa. Super. 2009); *see also id.* at 1199 (stating that "[s]tatutory time restrictions may not be altered or disregarded to reach the merits of the claims raised in the petition."). Because Rosa's PCRA Petition is untimely filed, and not subject to any of the PCRA's timeliness exceptions, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2019